The Court

expressed their opinion that the condition of the bond protected the plaintiffs so long as Dodds should continue to serve them under that appointment; and that the clause, respecting his continuance for two years in the service of the plaintiffs, was independent of the other parts of the condition, and that its effect was *243 only to prevent his quitting the service before the expiration of that period. (a)

Defendant’s plea had.

 [The distinction, in principle, between this case and L. Arlington vs. Merrick, (2 Sound. 412,) Liverpool Waterworks Company vs. Atkinson, (6 East, 507,) St. Saviours vs. Bostock, (2 N. R. 175.) Hassell vs. Long, (2 M. & S. 363,) Peppin vs. Cooper, (2 B. & A. 431,) Leadly vs. Evans, (2 Bing. 32, 9 Moore, 102,) is not very obvious. And the principle settled by the above cases was distinctly recognized, and many of the cases cited with approbation, in The Boston Hat Factory vs. Messenger & Al., (2 Pick. 223;) and in The Dedham Bank vs. Chickering & Al, (3 Pick. 341,) Parker, C. J., said, " We do not doubt the soundness of the principle. It has been adopted in this commonwealth, and many of the authorities are cited in The Boston Hat Factory vs. Messenger.— See Amherst Bank vs. Root, 2 Metc. 522. — Ed.]