CASE 43—PETITION EQUITY—JANUARY 14.

# Toombs, &c., vs. Stone, &c.

APPEAL FROM SHELBY CIRCUIT COURT.

1. Every trust estate created for the use and benefit of the wife is not a separate estate, but it must also clearly appear that the intention of the gift was, that it should be for the wife's separate enjoyment.

2. A deed which provides that the trustee shall hold the property in trust for the *use* and *benefit* and *support* of the wife and her children, and shall permit her and her children to have, use, possess, and enjoy every part and parcel of the property, which is to be *controlled by her* for her comfort and support, and for the support and education of her children, creates a separate estate.

3. The provision in the Revised Statutes concerning estates held in trust has no application to separate estates, which are something more than mere trust estates, and can only belong to a married woman, although they may be created previous to her marriage. It only applies to estates that are, properly speaking, trust estates, which may belong to any person whatever.

4. Nor has the provision in the Revised Statutes, which renders the real estate and slaves of the wife liable for such debts and liabilities contracted on account of necessaries for herself and family as may be evidenced by writing signed by her and her husband, any application to her separate estate.

Judgment in equity having been rendered, subjecting the rent of land and hires of a slave, embraced in the deed mentioned in the opinion, for debts, evidenced by writing, executed by the husband and wife, alleged to be for necessaries furnished for the use of themselves and family, this appeal is prosecuted therefrom.

BROWN & WHITAKER, for appellants, cited *Rev. Stat., sec.* 17, *art.* 4, *chap.* 47, *page,* 395; 18 *B. Mon.,* 305; *Clancy on Rights,* 263–4, 262, 268, 269; *Ib., chap.* 2, *book* 3; 5 *B. Mon.,* 113; 13 *Ib.,* 383; 14 *Ib.,* 247; 12 *Ib.,* 329; 15 *Ib.,* 82; *Ib.,* 327; 16 *Ib.,* 375; *Ib.,* 486; 10 *Ib.,* 320; 17 *Ib.,* 58; 3 *Litt.,* 12.

T. B. COCHRAN, for appellees, cited *sub-sec.* 1, *page* 388, *Rev. Stat.; Ib., sec.* 23, *page* 543; *Clancy on Rights, page* 266–7; 5 *B. Mon.,* 113.

W. F. BULLOCK, on same side, cited *Rev. Stat., sec.* 23, *chap.* 80, *page* 543.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The first question that arises in this case relates to the nature of the estate which the wife owns in the land and slaves conveyed to William Montgomery, in trust for her use and benefit. If it be a *separate estate,* as distinguished from that estate which the wife acquires in lands descended, and in slaves by way of distribution, or by a conveyance to her in general terms, then, under the provisions of the Revised Statutes, she had no power to charge or incumber it in any manner; and as the deed does not confer such a power, the case is not embraced by the amendatory act on the subject.

Every trust estate created for the use and benefit of the wife is not a separate estate; but it must also clearly appear that the intention of the gift was, that it should be for the wife's separate enjoyment. That intention, it seems to us, is clearly manifested by the language of this deed. It provides that the trustee shall hold the property in trust for the *use* and *benefit* and *support* of the wife and her children, and shall permit her and her children to have, use, possess, and enjoy every part and parcel of the property, which is to be *controlled by her* for her comfort and support, and for the support and education of her children. The whole control and management of the property is thus conferred on her, to the entire exclusion of her husband.

The provision in the Revised Statutes concerning estates held in trust has no application to separate estates, which are something more than mere trust estates. It only applies to estates that are, properly speaking, trust estates. A separate

estate is peculiar in its character, and can only belong to a married woman, although it may be created previous to her marriage. The trust estates referred to in the act are such as may belong to any person whatever.

Nor has the provision in the Revised Statutes which renders the real estate and slaves of the wife liable for such debts and liabilities, contracted on account of necessaries for herself and family, as may be evidenced by writing signed by her and her husband, any application to her separate estate. That provision relates to the wife's general property, as contradistinguished from her separate estate. The same chapter contains the provisions relating to her separate estate, which are wholly inconsistent with those concerning her other property, by which it clearly appears that a distinction was intended to be made between the two descriptions of property.

The provision that estates theretofore created shall not be sold or incumbered but by order of a court of equity, and only for the purpose of exchange and reinvestment, is not justly liable to the criticism made upon it. An estate may be incumbered to raise money to be reinvested in property for the same use; and this might be done very advantageously under the superintendence of a court of equity.

The writings which were executed by the husband and wife, created no charge on the wife's separate estate, and the court below erred in rendering any part of it liable for the payment of the debts sued for. The writings referred to might have been sufficient under the statute to have rendered her general property, if she had any, liable for the payment of the debts which were evidenced by them, but could not operate to create any charge or liability on her separate estate.

Wherefore, the judgment is reversed, and cause remanded, with directions to dismiss the plaintiffs' petition, so far as they seek any relief against the wife's separate estate.