THE MIDDLESEX MANUFACTURING COMPANY *vs.* JAMES LAWRENCE & others, Executors.

The sureties on the bond of the treasurer of a manufacturing corporation, the condition of which provides for his faithful discharge of the duties of the office " during the time for which he has been elected, and for and during such further time as he may continue therein by any re-election or otherwise," are liable only for defaults during his continuous holding of the office.

DEWEY, J. This is an action of contract against the executors of the late Abbott Lawrence, upon a bond executed by him as surety for Samuel Lawrence, dated December 8 1848, the condition of which was as follows:

" Whereas the said Samuel Lawrence has been duly appointed treasurer of the Middlesex Company, now the condition of this obligation is such, that if the said Samuel Lawrence shall

faithfully perform and discharge the duties of treasurer of said company during the term for which he has been elected, and for and during such further time as he may continue therein by any re-election or otherwise, then this obligation shall be void; otherwise it shall remain in full force."

It appears by the agreed statement of facts that Samuel Lawrence, having previously been elected to this office in 1847, was continued therein by re-election at the annual meeting of the corporation in December 1848, and continued to hold the same until May 1849, when he resigned, and his resignation was accepted, and W. W. Stone was elected in his place, and, on the 19th of May 1849, gave bond, and discharged the duties of the office from that time until the annual meeting in December 1849, when Samuel Lawrence was again elected to the office and entered upon the same, but gave no new bond. The claim of the plaintiffs is to recover for defaults of Samuel Lawrence after May 19 1849, he having been regularly elected at each annual meeting until 1857, and having served as treasurer during that time, except for a short period in the year 1851, when another person held the office without giving any bond. The general principles of law to be applied to cases of sureties in official bonds have been so fully discussed, and the earlier cases so fully cited, in the case of *Amherst Bank* v. *Root*, 2 Met. 522, that it is unnecessary minutely to recapitulate them here. The precise case before us was not then before the court; but the great leading principle, that such surety is not to be held beyond the precise terms of his contract, was there, as elsewhere, fully acknowledged. The recent case of *Chelmsford Company* v. *Demarest*, 7 Gray, 1, approaches nearer to the present. That was also an action on a bond given for the faithful performance of the duties of a treasurer of a manufacturing corporation. The condition of the bond was, " whereas said P. has heretofore been chosen treasurer of said company, now therefore, if said P. during his continuance in said office shall faithfully and punctually perform all the various duties," &c. The bond was given on the occasion of his first election in 1845, and he continued in office until 1852, but gave no new bond. It was held by the court that

the office being one which by law was to be annually filled by an election, (Rev. Sts. *c.* 38, § 4,) his sureties were bound only for the year for which he was chosen, and for such further time as was reasonably sufficient for the election and qualification of his successor.

That case settles the character of the office of treasurer which was held by Samuel Lawrence, and limits the liability of the sureties to any ordinary bond for the faithful performance of its duties. But it is contended on the part of the plaintiffs that to the present bond were superadded obligations extending the liability to his present term of office, by the introduction of the clause, " and for and during such further time as he may continue therein by any re-election or otherwise." We perceive no objection to the validity of such a bond so embracing an extended term. There would be words inserted in the bond clearly indicating an intent to extend the liability. But such words are to be construed strictly. The liability must be clearly indicated, and the intent obvious. Had the present been a case of an election of Samuel Lawrence as treasurer in 1848, and a continuous holding of the office for the succeeding eight years by successive annual re-elections, the plaintiffs might, as it would seem, have held the sureties liable for any default by him during the whole term; and that was the case provided for on the bond.

But it appears in the statement of facts that, in May 1849, Samuel Lawrence resigned the office which he held under the election in 1848, and his resignation was duly accepted, and another person was elected treasurer, accepted the office and gave bond with other sureties for the faithful performance of the duties thereof, and the same was so held by him for a period of seven months. At the next annual election Samuel Lawrence was again chosen treasurer, and entered anew upon the duties of the office, and the defendants are sought to be charged with his subsequent defalcations. Is this case provided for in the bond ? The words are " and for and during such further time as he may continue therein by any re-election or otherwise." It is insisted, on the part of the defendants, that they apply only

29 *

to a continuous holding, and not to a resumption of the office after ceasing for a time to hold the same.

No adjudicated case is found directly applicable to the present inquiry. But, from the observations falling from different judges in the case of *Mayor, Aldermen, &c., of Berwick upon Tweed* v. *Oswald*, 3 El. & Bl. 653, we should infer that they would hold that the obligation of a surety on a bond like the present would not embrace a holding of the office of treasurer by disconnected appointments. The form of the bond in that case was, that D. Murray, elected treasurer, should duly account and pay over all such sums as he " shall or may recover or receive in virtue of my said appointment as treasurer as aforesaid, during the whole time of my continuing in the said office, in consequence of the said election, or under any annual or other future election of the said council to the said office." Murray had acted as treasurer for a period of more than six years continuously, the bond being executed on the 15th of January 1842 ; and the ground of defence was that in 1843, by force of a new statute, the office which, at the time of giving the bond, was an annual one, had been changed to an office thereafter to be held at the pleasure of the mayor, aldermen and burgesses. In discussing that question, the present one incidentally arose and was discussed ; and it seemed to be assumed to be a contract in reference solely to a continuous service, as will be found in the remarks by Cresswell, J., who was for supporting the right to maintain the action in the case before him, and who says : " Each of the re-elections of Murray was immediately on the termination of the period for which he had been previously elected; his tenure of office was therefore continuous, and the money was received while he continued in the office of treasurer." Alderson, B. says : " In the first place, it is a contract to answer for money only during his continuance in office, though, it is true, under successive elections. If, therefore, he ceased to be continuously re-elected, the liability of the surety was at an end." Parke, B. says : " I think that the meaning of the words clearly is, that if the person elected fill the same office continuously; for the use of the word continue shows that it was not intended to apply to disconnected appointments at future periods."

In the opinion of the court such is the correct and legal construction applicable to the bond in the case before us. The words apply to a continuous holding of the office, and do not embrace a case of resumption of the office after having ceased to hold it, and after another person has exercised its duties upon an election and qualification therefor by giving an official bond. The bond was for the faithful discharge of the duties of the office during the term for which he had been elected, and during such further time as he might continue therein. The word " continue " excludes all idea of intermission in the office. The bond of December 8 1848, was, as to all future liabilities, discharged by the appointment of W. W. Stone, as treasurer, on the 19th of May 1849, and the new bond taken of him. The case will, by the agreement of parties, be referred to an assessor to report as to any breaches of the bond occurring before May 19 1849.

*B. F. Butler & W. P. Webster*, for the plaintiffs, cited *Chelmsford Co.* v. *Demarest*, 7 Gray, 1 ; *Hassell* v. *Long*, 2 M. & S. 363 ; *Dedham Bank* v. *Chickering*, 3 Pick. 335 ; *Amherst Bank* v. *Root*, 2 Met. 522.

*B. R. Curtis*, for the defendants.