Oliver P. Snow *versus* Oliver Moses & als.

Past and future damages, occasioned by the flowing of land for mill purposes, may be satisfied by the payment of a gross sum accompanied by a parol agreement to that effect.

But such an adjustment is good only between the original parties.

On Report from *Nisi Prius*, Walton, J., presiding.

Complaint for Flowage.

The only material question, presented by the report, is whether the fact that the payment of $22,50 by the defendants' grantor to the complainant's grantor, and a paper executed and given by the latter to the former, acknowledging the receipt of the sum named in full for all past and future damages, caused by flowing the land mentioned in the complaint, and agreeing that the defendants' grantor, his heirs and assigns, shall have a perpetual right to flow the lands in question, will constitute any defence to the complaint.

Snow *v.* Moses.

*Record,* for the complainant.

*A. P. Moore,* for the respondents.

WALTON, J. — This is a complaint for flowage, and the defence is an alleged payment by the defendants' grantor, (the then owner of the mill,) to the complainant's grantor, (the then owner of the land flowed,) of a gross sum in full for all damages, past and future, and the question is whether such a payment, if proved, will bar the complainant's right to recover.

The right to flow lands for mill purposes is created by statute. No license or conveyance from the owner is necessary. He is entitled to compensation, but his claim being no more than a demand for money, it has been held that it may, like any other pecuniary claim, be waived, satisfied, or extinguished, by parol. *Clement* v. *Durgin,* 5 Maine, 9; *Seymour* v. *Carter,* 2 Met., 520.

But such an adjustment of damages is good only between the original parties. It will not bar the right of a subsequent owner of the land flowed to recover damages. *Fitch* v. *Seymour,* 9 Met., 462; *Seidensparger* v. *Spear,* 17 Maine, 123.

In the last cited case, the Court say that it is so easy a thing for one, who would secure the right to flow another's land, to obtain a deed conveying that right for such length of time, and to such height and extent as may be agreed upon, that it may be regretted that any dispensation with such a requisition should in any degree be tolerated, considering the temptations to misrepresent, or to forget what transpired in years gone by, when the whole rests merely in recollection, without being reduced to writing. The Court say that no extension of the rule should be allowed; that it should go no further than to settle the rights of the original parties to the parol agreement, and should not be allowed to affect the title of a subsequent owner. We regard this as a decisive authority against the defence set up in this case. The alleged payment, if proved, would constitute no bar to

the complainant's right to recover for any injury to his land since he became the owner, caused by the defendant's flowing.          *Judgment for complainant.   Commissioners to be appointed to appraise the damages.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.