### Inhabitants of Arlington *vs.* Cyrus Cutter.

A town may legally agree with the owner of a flume crossed by a highway which the town is constructing, to rebuild the flume in a way desired by the owner, upon his agreement to pay the expense of the rebuilding; and if such an agreement is made on its behalf by the selectmen, the town may ratify it.

Contract. The declaration alleged that the board of selectmen of Arlington duly relocated, repaired, and widened a town way, within the limits of the town, running across land of the defendant; that the street was accepted by vote of the town, at a town meeting duly held; that in making such relocation, repair and widening of the street, it became necessary to cross over and touch upon a flume belonging to the defendant, which ran beneath the street, to carry water under it to the defendant's mill; that it became necessary, in crossing the flume, to make repairs upon it, and to build a wall adjoining it, the benefit of which would accrue to the defendant, as well as to the plaintiffs; that the defendant agreed with the board of selectmen, in consideration that they would, in making the alteration and repair of the flume, rebuild and refit it, and build the adjoining wall in a manner and way pointed out by the defendant, he would

pay a reasonable sum for the materials and labor expended; that the board of selectmen did the stipulated work, and furnished the materials according to the agreement, in the manner and way he directed it to be done, and completed the street over the flume; and that, at the acceptance of the way, the plaintiffs ratified the action of the selectmen in completing the street. "And the plaintiffs have paid for the repair and refitting of said flume, and building of said wall, together with materials for the same, according to the manner directed by the defendant, as by agreement with him, the sum of four hundred and eighteen dollars and forty-five cents, which is a reasonable sum in payment for said labor and material."

The defendant demurred to this declaration. In the Superior Court the demurrer was sustained, and the plaintiffs appealed.

*H. J. Wells*, for the defendant.

*J. H. Hardy*, for the plaintiffs.

ENDICOTT, J. The demurrer raises the question whether a town can make or ratify such an agreement as was made with the defendant, and also whether the same is sufficiently set forth in the declaration.

The declaration in substance alleges that Mill Street in Arlington was duly relocated and widened by the selectmen, and afterwards accepted and allowed at a town meeting duly held; that in constructing the street, and making such relocation and widening it became necessary to cross over a flume belonging to the defendant, which conveyed water beneath the street to the defendant's mill, and to make repairs upon it, and build a wall adjacent thereto, which would be a benefit to the defendant as well as the plaintiffs; that the defendant agreed with the selectmen, that if they would repair and rebuild the flume, and construct the wall in the manner pointed out by him, he would pay the plaintiffs the expense of the same; that the selectmen did the work as agreed upon, and the plaintiffs paid for it; and that the town ratified the action of the selectmen in completing the street.

We think a town may make or ratify such an agreement, and that it is sufficiently stated in the declaration.

The flume is alleged to have been within the limits of the street, and to repair and properly secure it was part of the work of constructing the street at that point.

That duty being imposed upon the town, the defendant, who had an interest in the repair and new construction of the flume, for it was his property, agreed to pay the expenses, if the town or those having charge of the work would construct it according to his wishes. Consulting his interest, and at his request, the work was done in a particular manner, and paid for by the town, and the defendant should perform his part of the agreement, and pay according to his promise. It was said in *Harris* v. *Springfield*, 107 Mass. 532, 540, that the fact that the work was done, so far as was necessary to secure the conditions of the defendants' liability, by the authorized agents of the city after the agreement, was sufficient evidence of acceptance by the city. There the agreement was to pay for edge-stones to be used in the repair of the highway; here it is made in reference to property of the defendant lawfully remaining under the highway. *Bell* v. *Boston*, 101 Mass. 506. *Crocket* v. *Boston*, 5 Cush. 182. *Seymour* v. *Carter*, 2 Met. 520. We express no opinion as to the regularity of the proceedings of the town in relocating the street. That question is not raised upon the demurrer.

*Demurrer overruled.*