## CARTER *v.* JACKSON.

A declaration in trespass *quare clausum* may be amended by adding a count in trespass *de bonis.*

A wife is a competent witness of a deed executed by her husband, as executor or administrator.

A jury may compare a disputed signature with others admitted, or found by them, to be genuine.

A question of law, once decided in a case, will not ordinarily be again considered in the same case, except on a motion for a rehearing.

Trespass, *quare clausum,* reported in 56 N. H. 364. The plaintiff was allowed to amend, by adding a count in trespass *de bonis,* for the same cause of action, and the defendant excepted. The plaintiff claimed as administrator of Adam Roberts, under a deed made to Adam Roberts by the plaintiff as administrator of William N. Roberts. The plaintiff's wife was a witness to that deed, and the defendant excepted to the ruling that the deed was not defective on that account. The deed from the plaintiff, as administrator, to Adam Roberts, was given in accordance with the condition of a bond from William N. Roberts to Adam. The signature of this bond was disputed, and, against the defendant's objection, the jury were allowed to compare it with other genuine signatures of William N. Roberts. The court, with the consent of the defendants, sent several questions to the jury, and, upon the return of the answers, a general verdict was taken for the plaintiff in accordance with the answers, to which the defendant excepted. The defendant seasonably moved a nonsuit, for the reasons stated in 56 N. H. 364. The court denied the motion, and the defendant excepted.

*S. B. Carter* and *Quarles,* for the plaintiff.

*J. H. Hobbs* and *Copeland,* for the defendant.

Stanley, J. The amendment was properly allowed. It did not change either the form or the cause of action. *Burnham* v. *Plant,* 57 N. H. 41. The objection to the competency of the plaintiff's wife, as a witness of the deed under which he claimed, is based on the relationship between them. Formerly this might have been a valid objection, since attesting witnesses were required to be competent, at the time of attestation, to testify to the fact which they attested. 1 Greenl. Ev., *s.* 573; *Carlton* v. *Carlton,* 40 N. H. 14; *Bank* v. *Root,* 2 Met. 522, 533. But as the wife, at the time this deed was executed, was competent to testify for her husband in any case not involving a violation of marital confidence, the objection to her signing as a witness, if any such ever was valid, cannot now avail the defendant. Gen. St., *c.* 209, *s.* 22.

The grounds of the motion for a nonsuit, having all been considered in this case on the former transfer, will not now be reconsidered. That decision must stand as the law for this case. A cause will not ordinarily be reheard in that way, and there is nothing to take this case out of the operation of the general rule. *Stantons* v. *Thompson*, 49 N. H. 272; *Bell* v. *Woodward*, 47 N. H. 539; S. C., 48 N. H. 437, 442; *Bell* v. *Lamprey*, *ante*, p. 124.

The ruling of the court upon the question of the comparison of handwriting was correct. *State* v. *Hastings*, 53 N. H. 452.

The general verdict was in accordance with the answers to the special questions submitted to the jury without objection, and the objection to the verdict on this ground cannot be sustained.

*Judgment on the verdict.*

BINGHAM, J., did not sit.