CITY OF CAMBRIDGE *vs.* ABIEL F. FIFIELD & others.

Middlesex.    Jan. 9. —March 17, 1879.    COLT & ENDICOTT, JJ., absent.

In an action on a bond, dated in 1867, and conditioned for the faithful performance by A. of the duties of water registrar of a city, it appeared that by the ordinances of the city, passed in 1867, a water registrar was to be elected by the water board, and "hold office during the pleasure of the board," and give bonds for the faithful performance of his duties; that under these ordinances A. was duly elected water registrar in 1867, and continued to perform the duties of the office until 1876, without any other election; and that in 1870 the city made a general revision of its ordinances, the new ordinances reënacting the provisions of the old as to the water board without any material change, and containing the following provision: "All ordinances heretofore passed by the city council of the city are hereby repealed; but such repeal shall not affect any act done, any right accruing, accrued or established, the tenure of office of any person holding

office at the time it takes effect, or any forfeiture or penalty heretofore incurred." *Held,* that the office of water registrar was not vacated by the revision; and that the sureties on his bond were liable for a default occurring after the revision.

CONTRACT against Abiel F. Fifield, George W. Fifield and Israel Tibbetts, on a bond in the sum of $5000, dated May 7, 1867, executed to the plaintiff by the first-named defendant as principal, and the others as sureties, and containing the following condition: "Whereas the said Abiel F. Fifield has been duly elected by the Cambridge water board water registrar, now if he shall well and faithfully perform the duties of said office, then this obligation shall be void and of no effect, otherwise shall be and remain in full force and effect."

Trial in this court, without a jury, before *Endicott,* J., who found that there had been a breach of the bond; ordered judgment for the plaintiff for the penalty of the bond; and directed the case to be sent to an assessor to determine the amount for which execution should issue. The defendant Tibbetts alleged exceptions, the material parts of which appear in the opinion.

*D. S. Richardson,* for Tibbetts, cited *White* v. *Fox,* 22 Maine, 341; *Chelmsford Co.* v. *Demarest,* 7 Gray, 1.

*J. W. Hammond,* for the plaintiff.

MORTON, J. By the ordinances of the city of Cambridge in force when the bond was executed, the Cambridge water board consisted of seven persons, the mayor and president of the common council being, *ex officiis,* members, the other five being elected by the city council, one being elected each year. City Ordinances of 1865, § 1. Section 3 of the Ordinances of 1867 provides that "the water board shall elect a water registrar, who shall hold office during the pleasure of the board and shall receive such compensation as the board may determine. He shall give bonds in the sum of five thousand dollars for the faithful performance of his duties."

Under these ordinances Abiel F. Fifield was duly elected water registrar in 1867, and continued to perform the duties of the office, without any other election, until 1876. This election cannot be regarded as an election for a year, or for any stated or fixed period of time. By the ordinances, the water board was made a quasi corporation or continuing body. Although its members might be changed from year to year, its legal existence

as a board continued. There was no occasion for an annual election of a water registrar, but he continued to hold his office by its original tenure, during the pleasure of the board.

In December 1870, the city of Cambridge made a general revision of its ordinances. The new ordinances reënacted the provisions of the old ordinances as to the water board, without any material change. The defendant Tibbetts now contends that the effect of the repeal of the old ordinances was to discharge him from his liability on the bond in suit. But the revised ordinances contain the following provision: "All ordinances hereto fore passed by the city council of the city of Cambridge are hereby repealed; but such repeal shall not affect any act done, any right accruing, accrued or established, the tenure of office of any person holding office at the time it takes effect, or any forfeiture or penalty heretofore incurred." Ordinances of 1870, c. 32, § 5.

One obvious purpose of this enactment was to prevent the disturbance which would be occasioned by the displacement of all the officers of the city, and to continue each of such officers in his office according to its original tenure. Under it, the water board was not abolished, but it continued to exist, and its old members held their office until it expired and new members were elected in their places. The water registrar continued to hold his office by the same tenure by which he had held it since his appointment, namely, at the pleasure of the water board. There was no necessity for a new appointment, because, by the effect of the revised ordinances, the tenure of his office was not affected, but he continued to hold it according to its original tenure. The revision did not in any way enlarge or change the responsibility of the sureties on his bond, and we are of opinion, therefore, that such sureties were not discharged, but remained liable upon his bond, and therefore were responsible for the defalcations of the principal obligor occurring after the enactment of the revised ordinances.                    *Exceptions overruled.*