COMMONWEALTH, by Commissioner of Savings Banks, *vs.* READING SAVINGS BANK.

Suffolk.   March 18. — June 30, 1880.   AMES & LORD, JJ., absent.

Under the Gen. Sts. *c.* 57, §§ 137, 138, providing that the trustees of a savings bank shall be chosen annually, and shall appoint a treasurer who shall hold office during their pleasure, the office of the treasurer is not an annual one; and a bond given by him for the faithful performance of the duties of his office " while he acts as treasurer " is a continuing bond.

PETITION IN EQUITY, filed June 4, 1879, by Paulina Gerry, alleging that the petitioner was the owner of a certain promissory note for $5000, given by Nathan P. Pratt to Ira Gerry, that she was also the owner of a mortgage and note assigned to Gerry by Pratt as collateral security for the payment of the first-named note; that no part of said note for $5000 has been paid; that Pratt was late the treasurer of the respondent bank; that he was elected to that office on July 23, 1869, and thereupon gave a bond to the bank conditioned to secure the faithful performance of the duties of the office, " while and so long as he acts as treasurer of said company;" that this bond was secured by a mortgage on most of the land included in the mortgage assigned to Gerry by Pratt, who at that time was the owner in fee of the land; that the mortgage given to the bank was executed and recorded prior to the mortgage assigned to Gerry; that Pratt was never elected to the office of treasurer but once, namely, on July 23, 1869; that said office was an annual one.

conditioned on the pleasure of the trustees of the bank; that the
bank was now insolvent and in the hands of receivers; that the
receivers had taken possession of said land, had brought suit
upon the bond, and were about to foreclose the mortgage to the
bank for an alleged breach of the condition of the bond; that
the mortgage to the bank should be discharged, Pratt having
fulfilled the conditions of the bond during the year for which
he was chosen, after which time the bond became inoperative
and of no effect; and that the petitioner was unable to foreclose
her mortgage and obtain a good title to the land until the first
mortgage should be discharged. The prayer of the petition
was that the receivers might be ordered to discharge the first
mortgage, and not to proceed and obtain judgment on the bond
until it should be decreed whether the petitioner's prayer to
have the mortgage discharged should be granted. The receivers
demurred to the petition.

The demurrer was sustained, and the petition dismissed. The
petitioner appealed to the full court.

*A. B. Ellis*, for the petitioner.

*C. P. Judd*, for the receivers.

COLT, J. The treasurer of the Reading Savings Bank, upon
his appointment in 1869, gave bond conditioned to secure the
faithful performance of all the duties of his office " while and so
long as he acts as treasurer of said company." This bond was
secured by a mortgage of his real estate, which the petitioner
as second mortgagee asks to have discharged, contending that
there was no breach of the condition of the treasurer's bond,
because the office to which he was chosen expired at the end
of the first year, and the conditions of the bond during that
year were all fulfilled.

The statute provides that the treasurer of a savings bank
shall be appointed by the trustees, shall give bond, and shall
hold his office during their pleasure; and that all other offi-
cers shall be chosen at the annual meeting of such corporations.
Gen. Sts. c. 57, §§ 137, 138.

The bond in this case is for the good behavior of the treasurer
for an indefinite period; its obligation ceases only when he ceases
to act as treasurer. The terms of the condition above quoted
are not limited by provisions of the statute, by the recitals in

the bond, or by the records or votes of the corporation. They comply accurately with the requirements of the statute. It was the plain intention of the Legislature to make the office of treasurer to continue during the pleasure of the board of trustees, and not be subject to annual elections. It would be an unwarranted construction of the statute to hold otherwise, simply on the ground that the tenure of the office depended on the pleasure of successive boards of trustees who are annually elected.

The case of *Dedham Bank* v. *Chickering*, 3 Pick. 335, is very much in point. In that case a person was elected cashier of a bank when it was first organized, and continued to act as cashier for several years thereafter, when he absconded with the books, papers and moneys of the bank. He had given bond with sureties for the faithful performance of his duties " so long as he should continue in his said office." It was decided that the bond covered this last breach of duty, it not appearing, either in the bond itself, or in the charter, records or regulations of the bank, that the office of cashier was an annual one. See also *Chelmsford Co.* v. *Demarest*, 7 Gray, 1; *Amherst Bank* v. *Root*, 2 Met. 523; *Cambridge* v. *Fifield*, 126 Mass. 428.

The petitioner fails to set forth in her petition any ground for the relief she asks, and the entry must be *Decree affirmed.*