### TRUSTEES OF THE RICHARDSON SCHOOL FUND IN ATTLEBOROUGH *vs.* GEORGE A. DEAN & another.

Bristol.   Oct. 27, 1880. — Jan. 18, 1881.   ENDICOTT, J., absent.

A fund was left by will, for a charitable purpose, to be managed by trustees to be chosen once in three years. The trustees were incorporated by an act which gave the corporation power to appoint officers, and provided that the then officers should hold their offices until others were chosen in their places. The person who had been treasurer of the trustees was chosen treasurer for the term of three years, and gave a bond, conditioned that he would account for the funds of the corporation deposited in his hands, and which should come to his hands as treasurer, and would faithfully perform the duties of his office. *Held*, that the bond was not a continuing bond.

CONTRACT on a bond executed and delivered to the plaintiff corporation, on February 23, 1874, by Horatio N. Richardson as

principal, and the defendants as sureties, and containing the following condition: "The condition of this obligation is such, that if the said Horatio N. Richardson, who is elected treasurer of said Trustees of the Richardson School Fund in Attleborough, shall account for the funds of said corporation which are deposited in his hands and keeping, and which come to his hands and possession, as such treasurer, and pay over the same to his successor in said office, and shall faithfully discharge the duties pertaining to his said office of treasurer as aforesaid, then this obligation shall be null and void; otherwise, to remain in full force and virtue."

Trial in the Superior Court, without a jury, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

Abiathar A. Richardson, by his last will, made the following devise: "The residue and remainder of my estate, both real and personal, I dispose of as follows: I first direct that the same shall be converted into cash or its equivalent, as soon as may be convenient after my decease, which shall forever constitute a school fund to be used and the proceeds appropriated as herein expressed: The principal (no part of which is ever to be used) shall be loaned out at lawful interest, with good security, on real estate, and the interest thereof only shall be annually taken and appropriated to the use, support or maintenance of the common schools in the Second Precinct, a parish in Attleborough, in which I live, for the benefit of all the schools in said parish, which fund shall be managed by twelve persons belonging to said parish as a board of trustees, who are to be chosen once in three years, and any vacancies which may occur, whenever said parish shall deem proper."

Horatio N. Richardson was treasurer of the trustees of the fund from 1848 until 1850, when the trustees were incorporated by the St. of 1850, c. 297. He was then elected treasurer, and was elected every three years thereafter until his election in 1874. In February 1874, the records of the corporation show the following: "Voted to proceed to the choice of officers for the ensuing term of three years." "Made choice of H. N. Richardson for treasurer." Richardson then gave the bond in suit; and at that time had in his hands and keeping the sum of $2210. In

February 1877 or 1878, Richardson was again elected treasurer, but he gave no new bond, and the corporation then voted that "the bond of the treasurer be the same as before." Richardson died on January 31, 1879, indebted to the corporation in the sum of $2048.12.

The defendants contended that their liability only extended to and was covered by the term of three years for which Richardson was elected in 1874. The plaintiff contended that there was a continuing liability after the expiration of the three years, and that the sureties were liable for the above default of the treasurer.

The judge ruled that the bond was a continuing bond, and that the sureties were liable for the default above named, and found for the plaintiff for the penalty of the bond, and ordered execution to issue for the sum of $2257. The defendants alleged exceptions.

*G. Marston*, (*E. M. Reed* with him,) for the defendants.

*E. H. Bennett*, (*J. Daggett & H. J. Fuller* with him,) for the plaintiff.

MORTON, J. There are many cases in this Commonwealth in which questions in regard to the liability of sureties upon official bonds have arisen. It is held that, when the tenure of the office is for a year or any fixed period of time, the sureties upon the bond given for the faithful performance by the incumbent of the duties of the office, are not liable for any defaults of the principal occurring under a new appointment after the year or other fixed period has expired, unless the bond contains stipulations that the sureties shall be liable during any successive terms of office to which the principal may be elected or appointed. This is upon the ground that, by virtue of his reëlection, the principal enters upon a new office, which is not contemplated or provided for in the bond. *Bigelow* v. *Bridge*, 8 Mass. 275. *Chelmsford Co.* v. *Demarest*, 7 Gray, 1. *Middlesex Manuf. Co.* v. *Lawrence*, 1 Allen, 339. *Lexington & West Cambridge Railroad* v. *Elwell*, 8 Allen, 371.

On the other hand, if the office is for an indefinite and not a fixed period of time, the sureties on a bond given for the faithful performance of the duties of the office, which does not contain any stipulation limiting the period for which they shall be liable,

are liable so long as the principal shall continuously hold the office. *Amherst Bank* v. *Root*, 2 Met. 522. *Worcester Bank* v. *Reed*, 9 Mass. 267. *Dedham Bank* v. *Chickering*, 3 Pick. 335. *Cambridge* v. *Fifield*, 126 Mass. 428. *Commonwealth* v. *Reading Savings Bank*, 129 Mass. 73.

In *Amherst Bank* v. *Root*, the suit was upon a bond given by the cashier of the plaintiff bank, of which the condition was as follows: " Whereas the directors of the Amherst Bank aforesaid have appointed the above-named Luther Root cashier of the bank aforesaid; now if the above-named Luther Root shall well, truly and faithfully perform the duties of the office of cashier of the bank aforesaid, then this obligation is to be null and void." The bond was dated October 3, 1831. The records of the bank showed that on that day the directors chose said Root cashier of the bank " for the year ensuing," and that at a meeting held on October 1, 1832, he was reëlected cashier " for the year ensuing." It was held that the bond was a continuing bond, and that the sureties were liable for defalcations of the principal occurring after the year 1831. This decision was made upon the ground that, by the statutes then in force, cashiers of banks were to " retain their places until removed therefrom or others are appointed in their stead; " that this provision fixed the tenure by which the office was held; and that, although Root was reëlected annually by the directors, yet by force and operation of the statute he continued to hold the same office to which he was first appointed. But Chief Justice Shaw, in delivering the opinion of the majority of the court, recognizes fully the general principle, that, where a bond is given for the faithful performance of the duties of an office that is, by the law or usage by which it is created, limited to a fixed term, such bond is available only as security against violations of duty happening within that term.

In the case at bar, it appeared that Horatio N. Richardson was elected treasurer of the plaintiff upon its incorporation in 1850, and was elected triennially thereafter during his life. In February 1874, the plaintiff corporation " voted to proceed to the choice of officers for the ensuing term of three years," and under this vote " made choice of H. N. Richardson for treasurer." Richardson thereupon gave the bond in suit.

The plaintiff was incorporated for the purpose of carrying into effect the charitable purposes of the will of Abiathar A. Richardson, who devised the residuum of his estate for the maintenance of the common schools in the Second Precinct Parish in Attleborough. The will provides that the fund shall be managed by a board of trustees, who are to be chosen by the parish once in three years. The act of incorporation provides that the "corporation may appoint such officers as their by-laws may provide, who shall be elected in the manner therein provided; and the present officers of the board shall hold their offices till others are chosen in their places." St. 1850, c. 297. The last clause was intended to prevent a temporary vacancy, and would be operative only until the corporation had elected officers under the powers given it by the act. There is no other provision affecting the tenure of the office of treasurer. Under the statute, the corporation had the right to fix the tenure or term of office of its treasurer as it saw fit. There is no statute which makes the office a continuing one, and the reasoning which led to the decision in *Amherst Bank* v. *Root* is not applicable to this case. It does not appear what the by-laws of the corporation are, but by its uniform practice since its incorporation it has made the office of treasurer a triennial one, and it therefore in 1874 elected its treasurer, not for an indefinite term, but "for the ensuing term of three years." When the defendants signed the bond in suit, the subject matter of the contract was an office of a fixed and limited term. Their stipulations apply only to the limited office, and, as there is no agreement to continue their liability in case of the reëlection of the same officer, they are not responsible for any defalcations happening after their principal, by a reëlection, entered upon a new office or term of office. The ruling of the justice of the Superior Court was therefore erroneous.                    *Exceptions sustained.*