HALL *& a.* v. BRACKETT *& a.*

An official bond of a bank treasurer, reciting the fact that he "is treas-
urer," estops the sureties to deny that he was treasurer when the bond
was given.

If the principal was then holding the office for no fixed term, but at the
sufferance of the corporation, and the bond purports to be given for an
unlimited time and not for a particular term, there is no implied limita-
tion of it to any other term than the indefinite one he was holding.

In such a case, a limitation is not implied from the expiration and exten-
sion of the bank's charter.

DEBT, on an official bond given by the defendant Brackett as
treasurer of the Carroll County Five Cents Savings Bank. The
plaintiffs are the assignees of the bank. Facts found by a referee.
The charter of the bank was granted in June, 1857, for twenty
years, and was extended twenty years in June, 1877. The bank
suspended business September 21, 1877. The charter requires the
treasurer to "give bonds in a sum not less than $10,000 for the
faithful discharge of his duty," and provides that the treasurer
and certain other officers "shall be elected by ballot, shall hold
their office for one year, and until others are chosen and have
accepted in their stead." Laws 1857, *c.* 2029, *s.* 6. At the first
meeting, August 1, 1857, Brackett was elected treasurer. Since
that time no treasurer has been chosen, and Brackett held the
office until the suspension of the bank, in September, 1877. In
accordance with a by-law, an annual meeting of the corporation
was held each year, on the second Wednesday of June. Decem-
ber 30, 1869, the bond in suit was given in compliance with *c.* 4,
Laws 1869. Its condition is, "If the above bounden John M.
Brackett, who is treasurer of the Carroll County Five Cents Sav-
ings Bank of Wolfeborough, shall faithfully discharge and perform
all the duties incumbent on him as treasurer of said bank, agree-
ably to the laws of the state of New Hampshire and in accordance
with the charter and by-laws of said institution, then this obliga-
tion shall be void."

*J. G. Hall* and *Wiggin & Fernald*, for the plaintiffs. The de-
fendants are estopped to deny that Brackett was treasurer. *Bruce
v. U. S.*, 17 How. 437; *Cutler v. Dickinson*, 8 Pick. 386; *Wendell
v. Fleming*, 8 Gray 613; *State v. Bates*, 36 Vt. 387; *Lyndon v.
Miller*, 36 Vt. 329; *State Bank v. Chetwood*, 8 N. J. Law 1;
*Shroyer v. Richmond*, 16 Ohio St. 455; *Cox v. Thomas,* 9 Grat.
312; *Cecil v. Early*, 10 Grat. 198; *Green v. Wardwell*, 17 Ill. 278;
*Byrne v. State*, 50 Miss. 688; *People v. Jenkins*, 17 Cal. 500; *State
v. Rhoades*, 6 Nev. 352; *Bath v. Haverhill*, 2 N. H. 555; *Horn v.*

*Whittier*, 6 N. H. 88; *Ins. Co.* v. *Moore*, 55 N. H. 48; Big. Est. 361; Bay. Sureties 403; Murf. Off. Bonds, ss. 437, 672.

*G. Marston* and *W. J. Copeland*, for the defendants, cited *Ludlow* v. *Simond*, 2 Cai. Cas. 1; *Wardens* v. *Bostock*, 5 B. & P. 175; *Ld. Arlington* v. *Merricke*, 2 Saund. 411; *Liverpool W. Works* v. *Atkinson*, 6 East 507; *Leadley* v. *Evans*, 2 Bing. 32; *Peppin* v. *Cooper*, 2 B. & Ald. 431; *Hassell* v. *Long*, 2 M. & S. 363; *Dover* v. *Twombly*, 42 N. H. 59; *State Treasurer* v. *Mann*, 34 Vt. 371; *Chelmsford Co.* v. *Demarest*, 7 Gray 1; *Welch* v. *Seymour*, 28 Conn. 387; *Loan Co.* v. *Oddfellows' Ass.*, 48 Pa. St. 446; *Building Association* v. *Price*, 16 Fla. 204; *Mayor* v. *Horn*, 2 Harr. (Del.) 190; *Harris* v. *Babbitt*, 4 Dill. 185; *Bigelow* v. *Bridge*, 8 Mass. 275; *Loan Association* v. *Nugent*, 11 Vroom 215; *Mayor* v. *Crowell*, 11 Vroom 207; *Thompson* v. *Young*, 2 Ohio 334; *Union Bank* v. *Ridgely*, 1 H. & G. 324; *Richardson* v. *Dean*, 130 Mass. 242; Murf. Off. Bonds, ss. 420, 621; Thomp. Liab. Off. 510, 515.

DOE, C. J. The defendants cannot deny the fact stated in the bond, that Brackett was treasurer of the bank when the bond was given. The bond contains no express limitation of its security to one official term; and if such a limitation is implied, the limited term is the one which the defendants admitted Brackett was holding at the date of the bond, December 30, 1869. By the charter, he was one of those who " hold their office for one year, and until others are chosen and have accepted in their stead." He was the only treasurer the bank ever had. He was elected in 1857; he has not been reëlected, and no other person has been chosen in his stead. In fact and in law he was treasurer from 1857 to 1877, when the bank's property passed into the hands of assignees. In 1869, when the defendants admitted he was treasurer, he was holding the office, not for a year, but for the indefinite period of the sufferance of the corporation, who could choose another person as his successor at any time. The view most favorable to the sureties is, that the bond covers this indefinite period, and that they would not have been held for his performance of his duties after a reëlection.

*Dover* v. *Twombly*, 42 N. H. 59, 68, and many other cases, sustain " the doctrine that a surety is bound for the conduct of the officer during the term to which his then appointment extended, and not beyond." In this case, the only annual term the principal ever held had expired eleven years before the bond was given. There was no term of a year to which the bond can be limited. If its language is qualified by implication, the qualification is introduced by the actual and not by an imaginary state of things,—by the tenure of sufferance on which he was holding the office, and not by an election that did not occur, and an annual term that did not begin. The admission, signed and sealed by the defendants,

December 30, 1869, that Brackett " is treasurer," can refer to no other term than the indefinite one he was then holding. The provision of the charter, that he and others " shall hold their office for one year, and until others are chosen and have accepted in their stead," excludes the fiction that his non-election, after 1857, was an annual election. The bond covers any default that occurred during the continuance of the indefinite term for which it was given. *Mayor* v. *Wright*, 16 Q. B. 623; *Curling* v. *Chalklen*, 3 M. & S. 502; *Dedham Bank* v. *Chickering*, 3 Pick. 335; *Amherst Bank* v. *Root*, 2 Met. 523; *Chelmsford Co.* v. *Demarest*, 7 Gray 1, 6; *Cambridge* v. *Fifield*, 126 Mass. 429; *Com.* v. *Reading Bank*, 129 Mass. 73; *Richardson* v. *Dean*, 130 Mass. 242, 244; De Col. Guar. (Am. ed. 1875) 260; Murf. Off. Bonds, *s.* 632.

There are authorities in conflict with *Exeter Bank* v. *Rogers*, 7 N. H. 21 (Thomp. Liab. Off. 515), but it is the settled law of this state that the liability of the sureties was not limited by the expiration and extension of the bank's charter.

*Case discharged.*

SMITH, J., did not sit: the others concurred.