BENJAMIN GRIFFIN *vs.* CITY OF LAWRENCE.

Essex.   Nov. 9, 1882. — Sept 10, 1883.   C. ALLEN, COLBURN & HOLMES,
JJ., absent.

If water from a reservoir constructed by a city flows upon a person's land, and the
city proposes to divert the water so that it will cease to flow upon and injure
the land, and is induced not to do so by the request and prohibition of the
owner of the land, the latter is estopped to maintain a petition against the city
for damages caused by such flowage, if there has been no revocation of such
request and prohibition.

PETITION to the Superior Court for an assessment of damages
occasioned to the petitioner's land by the flowage of water from
the respondent's reservoir.  At the trial, before *Rockwell,* J.,
the jury returned a verdict for the petitioner; and the respond-
ent alleged exceptions.   The facts appear in the opinion.

*J. K. Tarbox,* for the respondent.

*E. J. Sherman & C. U. Bell,* for the petitioner.

W. ALLEN, J.   It must be assumed that the respondent
lawfully constructed its reservoir, and collected water therein,
whereby the land of the petitioner was flowed and injured, and
that he is entitled to recover damages therefor in these pro-
ceedings, unless the ruling requested by the respondent should
have been given.   The ruling requested was as follows: " If the
jury shall be satisfied that the respondent proposed and was
about to divert the water, so that it would not flow upon or
injure the petitioner's land, and was induced not to do so by the
request and prohibition of the petitioner, then the petitioner is
not entitled to recover compensation for damages occasioned to
his premises, by the flow of the water upon or through it, after
such request and prohibition."

There was evidence tending to prove that the petitioner's
land was separated from the reservoir by a highway, and that,
after the reservoir was filled, water appeared upon the petition-
er's land and flowed over it in a small stream; that, when this
was discovered, the respondent proposed to intercept and divert
the water at the highway, or upon its own land, before it
reached the highway, and in that way to prevent any flowage
of, or injury to, the land of the petitioner; that the petitioner

then said that the water which escaped to his land was of value to him for domestic purposes, and that he had a right to it, and requested and directed the respondent not to divert it from his land; and that, in conformity with the request of the petitioner, and solely in consequence of it, the respondent permitted his land to be flowed. This evidence, if true, proved a waiver by the petitioner of damages for what was done or permitted in pursuance and consequence of his request. *Haskell* v. *New Bedford*, 108 Mass. 208, and cases there cited. *Seymour* v. *Carter*, 2 Met. 520. *Smith* v. *Goulding*, 6 Cush. 154. *Mitchell* v. *Bridgewater*, 10 Cush. 411. *Fuller* v. *County Commissioners*, 15 Pick. 81. As the jury may have found, under the instructions, damages for the petitioner, which he had thus waived and was estopped to claim, there must be a new trial.

We do not decide that the instructions requested should have been given without qualification. If the waiver of the petitioner was such that he could revoke it, and if he did revoke it, he could recover for damages subsequent to the revocation, if such were proved. But this question does not appear to have been presented at the trial. The court ruled, in effect, that there was no estoppel as to any of the damages claimed. No question of fact in regard to a waiver of damages was submitted to the jury. All that can be said is, that, upon the facts relied on by the respondent, the petitioner was estopped to claim some part or all of the damages which the jury were authorized, under the ruling and instructions of the court, to find; but the precise character and extent of the estoppel is not indicated by the evidence stated in the exceptions.

*Exceptions sustained.*