FIRST NATIONAL BANK of Brandon *vs.* GEORGE BRIGGS'
ASSIGNEES.

May Term, 1894.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, MUNSON, START and
THOMPSON, JJ.

*Official bond—Scope—Absence of Seal.*

A bond was given by one Briggs for the faithful performance of his duties
as cashier of a national bank "forever, so long as he should occupy the
position." The United States statute provided that the cashier should be
appointed and removed by the directors at their pleasure; and the
directors of this bank had passed a by-law declaring that the cashier
should be elected to hold office during the pleasure of the board. The
bond was executed March 5, 1883. On February 3, 1883, Briggs had
been elected "for the year ensuing." On January 8, 1884, and annually
thereafter, for nine years, he was re-elected. All his defaults occurred
after the expiration of the first year. In an action upon the bond, *held*
that the surety was not liable.

An instrument, in form a bond, though without seals, if executed upon
sufficient consideration and delivered to take effect as security, is a valid
obligation.

APPEAL from the allowance by the Court of Insolvency for
the District of Rutland of a claim against the estate of George
Briggs, insolvent debtor, as surety upon the official bond of
F. E. Briggs as cashier of the plaintiff. Adjudged, *pro forma*,
upon an agreed statement of facts, at the March Term, 1894,
Rutland County, *Munson*, J., presiding, that the action
might be maintained. The defendant excepted.

February 3, 1883, F. E. Briggs was elected by the direct-
ors cashier of said bank for the year ensuing. March 5, 1883,
the bond in question was executed. January 8, 1884, and
annually thereafter for nine years, said F. E. Briggs was
elected by the directors, and during all that time served as
cashier of the plaintiff. None of the defaults occurred during
the years 1883 and 1884.

*J. C. Baker* for the plaintiff.

U. S. Rev. St. 5136, Sub. 6 and 7, empowers directors of national banks to appoint and dismiss cashiers and to prescribe by by-laws the manner of their election.

The plaintiff by its by-laws prescribed that the cashier should be appointed to hold his office "during the pleasure of the board."

There is no requirement of law that the cashier shall be appointed for any definite time. The usage of the directors to re-elect each year, does not make the office an annual one. *Amherst Bank* v. *Root,* 2 Met. 522. The re-election of Briggs did not create a new term, but was simply an expression of the will of the directors that he should remain in office. He would have continued to hold the office without a re-election. Morse on Banks (2 ed.) 227.

The bond is not invalid for want of seals. *United States* v. *Linn,* 15 Pet. 290.

*Stewart & Wilds* for the defendant.

No question can be made as to the power of the directors to employ and appoint a cashier for a definite term subject to their right to dismiss him at their pleasure. Neither the statute nor the by-law provides otherwise. In the exercise of their duty the directors elected F. E. Briggs "for the year ensuing."

His term was limited to one year and he was bound for one year, though he might be dismissed before the end of it. It was for his fidelity in this contract that George Briggs became his surety. The surety's liability cannot be more extensive than this contract unless there are unequivocal words importing it. They must expressly point to subsequent elections. The "forever" of the bond is the "forever" of the contract of employment. *Lord Arlington* v. *Merricke,* 3 Saund. 411a; *State Treasurer* v. *Mann* 34 Vt. 371; *Hassell* v. *Long,* 2 M. & S. 363; *Wardens of St. Saviour's, etc.* v. *Bastock* 5 B. & P. (2 N. R.) 175; *Kitson* v. *Julian et al,* 4 El. & Bl. 854; *Dover* v. *Twombly,* 42 N. H 59; *Norridgewock*

v. *Hale*, 80 Me. 362; Mechem, Pub. Off. § 286 ; Throop Pub. Off. § § 205, 207; Thomp. Liab. of Off. p. 512, § 8; Murfree, Off. Bonds, § 420 *et seq.*

The plaintiff cannot recover, because the bond is unsealed. *Barnet* v. *Abbott*, 53 Vt. 120; *Rutland* v. *Paige*, 24 Vt. 181.

MUNSON J. The plaintiff is a corporation organized under the National Bank act. Its board of directors was empowered by that act to appoint a cashier and dismiss him at pleasure, and to prescribe by-laws, not inconsistent with law, regulating the manner in which the cashier should be appointed. A by-law was adopted which provided that the cashier should be appointed to hold his office during the pleasure of the board. The insolvent's first election as cashier was for the year ensuing, and he was thereafter for ten years annually re-elected. Soon after his first election, he gave the bond in controversy, which is conditioned for the faithful discharge of his duties as cashier forever, so long as he should occupy the position. The defaults complained of occurred after the expiration of his first official year.

We are not aware that the precise question raised by this statement has been passed upon; but a review of the course of decision by which courts have arrived at what must now be regarded the settled law upon the subject of official bonds, will aid us in the disposition of the case.

In *Lord Arlington* v. *Merricke*, 3 Saund. 411 a, the delinquent was a deputy-postmaster, who was originally appointed for six months, but whose bond was for and during all the time that he should continue in the office. The time for which he was appointed was recited in the condition, and it was considered that the terms of the obligation must be held to refer to the recital, and that the liability was thereby limited to six months. In *Liverpool Waterworks Co.* v. *Atkinson*, 6 East 507, there was a recital in the condition of the bond that the defendant had agreed with the plaintiff to collect its revenues for twelve months, and the

condition was that the defendant should justly account during the continuance of such his employment, and for so long as he should continue to be employed; and it was held that the obligation was confined to the twelve months mentioned in the recital. These cases are authority for saying that when a definite period of appointment is recited in the condition, the obligation will not be extended beyond that period by any subsequent general words.

In *Wardens of St. Saviour's* v. *Bastock*, 5 B. & P. (2 N. R.) 175, it was shown by the recital in the condition that the principal was appointed collector of the church rate of the parish, but the period of appointment was not stated. It appeared from the replication that the first appointment was for one year, and that the incumbent was continued in office by annual re-appointments. The office was apparently an annual one by virtue of the local act under which the rates of the parish were managed. The bond was upon condition that the collector should from time to time account for all monies received by him on account of the rate assessed, or of any other rates which might thereafter be made and collected by him. The court considered that the case could not be distinguished from that of the *Liverpool Waterworks Co.* v. *Atkinson*. In *Peppin* v. *Cooper*, 2 B. & Ald. 431, the condition recited an appointment as collector of land taxes under an act of Parliament, but the term of appointment was not stated. The condition of the bond was to account for monies received at all times thereafter. The court held that these words must be construed with reference to the recital and the nature of the appointment therein mentioned; and that inasmuch as the fact that the appointment was an annual one could be learned from the act of Parliament under which it was made, it was unnecessary to state that fact, either in the bond or in pleading. These cases are authority for saying that when the appointment is for a definite period fixed by law, a recital of the term in the bond is not necessary to limit the effect of general words

which in themselves would indicate a continuing liability.

The above cases, and others of the same holding, were reviewed by this court in *State Treasurer* v. *Mann*, 34 Vt. 371, and it was then considered upon their authority to be perfectly settled that when the appointment is for a limited period, which is recited in the condition of the bond, or, if not recited, is fixed by law, the liability will be confined to the period named in the condition or fixed by law, although the language of the condition is general and unlimited. In that case the delinquent was the director of a bank by whose charter the office was made annual. Acts 1842, p. 107. At his first election he gave a bond conditioned to secure the due performance of his duty as director while he should continue in the office, and gave no bonds when subsequently re-elected. The bond was held to cover the defaults of the first year only. It is sufficient to say that the authorities in this country are entirely in accord with this decision.

*Kitson* v. *Julian*, 4 El. & Bl. (82 E. C. L.) 854, covers ground in advance of these cases. In that case the delinquent was appointed an officer of a private corporation, and gave a bond conditioned to account for all monies collected by him "from time to time and at all times so long as he should continue to hold the said office or employment." The bond contained no recital of the period for which he was appointed. The plea averred that the appointment was for one year from a day named. The replication averred that the appointee continued in his employment, with the assent of the defendants and the company, after the expiration of the year. It was held that inasmuch as the condition of the bond recited the appointment, it was to be assumed that the extent of that appointment was known to the signers of the bond, and that they contracted with reference to it. This case is authority for saying that general words will not extend the liability beyond the term of the appointment named in the

recital, although the extent of the appointment is neither given in the recital nor fixed by law.

It is not to be understood, however, that words may not be used in the condition sufficiently specific to extend the liability beyond the time of the original appointment. But to have this effect the words must be such as clearly to indicate that the parties contracted with reference to a further liability. In *Hassell* v. *Long*, 2 M. & S. 363, the officer was a collector of taxes imposed by act of Parliament, and the condition was to account for monies received on any tax then imposed or which might thereafter be imposed. The court held that inasmuch as the imposition of further taxes within the year, however improbable, was not impossible, the words employed were not sufficiently clear and certain to extend the liability beyond the current year. But whenever the words clearly indicate that it was the intention of the parties to furnish security for the time the appointee should continue in office without regard to the term of his appointment, they are to be given their full effect. In *Augero* v. *Keene*, 1 M. & W. 390, the condition, after reciting the appointment, held the appointee to an accounting for such monies as he should receive "from time to time at all times thereafter during such time as he should continue in his said office of collector, whether by virtue of his aforesaid appointment, or of any reappointment thereto." The court considered the liability of the obligors for the entire period to be beyond question. The same effect was given to words of like import in *Oswald* v. *Berwick-upon-Tweed*, 5 H. L. 856.

It is also held that when the office is by term annual a further provision that the incumbent shall remain in office until his successor is appointed does not take the case out of the rule above presented. In *State Treasurer* v. *Mann*, already cited, it was said that the office was to be regarded as annual notwithstanding such a provision. In *Welch* v. *Seymour*, 28 Conn. 387, the articles of association of a

corporation provided that its treasurer should continue in office until the next annual meeting and until another should be elected in his stead. It was held that the office was an annual one, and that the obligation of the bond did not extend beyond the year. In *Dover* v. *Twombly*, 42 N. H. 59, the incumbent of an annual office held through another year by force of a statutory provision in default of the appointment of a successor. It was held that the bond, although general in terms, was good only for the time for which the principal was appointed. In *Chelmsford Company* v. *Demarest*, 7 Gray 1, it was provided that the treasurer of a corporation should be chosen annually and hold office until the election and qualification of his successor. Here it was said that the obligation of the bond extended to the next annual meeting or the meeting at which the next annual election should be made, and for such reasonable time after that as would enable the successor to complete his qualification, and no further.

The plaintiff does not question the doctrine of these decisions; but it contends that in view of the statutory provision regulating the tenure of these appointments it must be considered that the cashier, although appointed for a year and re-elected at the end of the year, was holding his office during the pleasure of the board; and that his various re-elections did not create new terms, but were simply expressions of the will of the directors that he should continue in office.

Much of the reasoning relied upon in support of this contention is derived from *Amherst Bank* v. *Root*, 2 Met. 522. In that case it appeared from the records of the corporation that the cashier's first appointment was for the year ensuing, and that at the expiration of the year he was again appointed for the year ensuing, after which he continued to serve for several years without re-appointment. There was, however, a statutory provision that a cashier should retain his place until removed or until another was

appointed in his stead; and it was considered that although the election was for a year the law made it a continuing office. *Dewey*, J., dissented on the ground that the appointment having been in fact made for a year, the sureties could not be holden for defaults occurring after the year.

It is said in 1 Morse on Banks § 27, upon the authority of *Amherst Bank* v. *Root*, that a mere usage of the directors to re-elect every year does not impart to the office the legal character of annual duration, that sureties will not be presumed to have contracted with reference to such a usage, and that a re-election in pursuance of the usage will not limit the obligation of the bond. But this must be read with a remembrance that in the case under review the court considered that the office was a continuing one by force of the statute.

The controlling effect of the statute upon the disposition of *Amherst Bank* v. *Root* is emphasized by a later case. In *Richardson School Fund* v. *Dean*, 130 Mass. 242, where the statute left with the corporation the right to fix the term of office as it saw fit, it did not appear what the by-laws of the corporation were, but the corporation had for a long series of terms elected its treasurer triennially. It was held that as there was no statute which made the office a continuing one, the reasoning in *Amherst Bank* v. *Root* was not applicable; and that the corporation had by its long and uniform practice made the office a triennial one, so that when the defendants made their contract it was with reference to a fixed and limited term.

It is evident that the case of *Amherst Bank* v. *Root*, if followed, will not be decisive of the case at bar, unless the United States statute is held to have the same effect that was given to the Massachusetts statute. The two provisions are not similar in terms. The federal regulation is simply that the directors may appoint the necessary officials and remove them at pleasure. The only case that has come to our notice in which this provision has been considered is the case of

*Harrington* v. *First National Bank of Chittenango*, 1 Thomp. & C. 361 (N. Y. Sup. Ct.). There a teller, who had been employed for a year, was discharged before the expiration of the year, and sought to recover compensation for the full term. The court held that the appointment was subject to a right of dismissal given the defendant by law. The decision goes no further than the express provision of the statute. As is said in 2 Morse on Banks, Part II., § 108 (d), the cashier of a national bank cannot be *irrevocably* appointed for a definite time. It is evident that the further statement in § 109, that a national bank cannot hire its officers for any specified time, was not intended to convey a broader meaning.

The Massachusetts statute contemplated a termination of the incumbency by an act removing or superseding the incumbent, which implied a continuing office. We see nothing in the language of the bank act which requires that a limited appointment under it be treated as of this character. The provision that an officer may be dismissed at pleasure can apply as well to an appointment limited to a given time as to an appointment for an indefinite period. It does not impliedly prohibit the fixing of a time beyond which the appointment shall not extend. Its effect is simply that the appointment, however made, shall be terminable at the pleasure of the appointing power. An appointment may be made which, if not previously terminated by the action of the directors, will continue for the period designated, and expire by its own limitation. There is nothing in the statute which requires us to hold that this surety contracted with reference to an unlimited period, when the appointment was in terms for a specified time. The cashier's re-election was something more than a meaningless expression of the pleasure of the directors; it was the filling of a vacancy occasioned by the limitation of their previous appointment.

It remains to determine whether the defendant's liability is affected by the provision of the plaintiff's by-law, that the cashier should be appointed to hold his office during the

pleasure of the board. It is claimed by defendant's counsel that this provision does not contemplate an appointment for an indefinite period; but in disposing of the point stated we shall assume that it does. It thus becomes necessary to consider whether the surety shall be held to have contracted with reference to the term contemplated by the by-law, or the term fixed by the vote of the directors in making the appointment.

The case cannot be put on the ground that the corporation had, by long and uniform practice, made the office an annual one, notwithstanding the provision of its by-law. This bond was given at the cashier's first election, and the case does not show what the previous course of the corporation had been. But, irrespective of any previous action of a similar character, we think the liability of the surety is to be determined with reference to the appointment as made. The case discloses nothing to place the surety in any other position as regards the by-law than that of a stranger; and the doctrine is that by-laws of this nature are merely provisions for the government of the corporation, that strangers are not bound to know them, and that notice of them will not be presumed. Mor. Priv. Corp. §§ 500, 502, 593. The early decisions to the contrary in New York have been ignored in recent cases. *Rathbun* v. *Snow*, 123 N. Y. 343: 10 L. R. A. 355. But if the surety were to be held charged with notice of the by-law, we think his liability would not be extended by it. The by-law, and the vote making the appointment, were expressions of the same authority. It is not necessary to consider what the situation may be when the by-law is adopted by one quorum and the appointment made by another, or when the votes are taken at meetings held upon different notices; for the case does not present these questions. The identical power which made the by-law could formally abrogate it, or ignore it in a particular instance. It was dispensed with for the time being when a vote inconsistent with it was passed; and having been disregarded in

limiting the cashier's appointment, it cannot now be invoked to extend the liability of his surety.

The instrument in question in this suit is in form a bond, but without seals. Such an instrument is a valid contract obligation, if executed upon a sufficient consideration and delivered to take effect as security. *United States* v. *Linn*, 15 Pet. 290.

*Judgment reversed and cause remanded.*

NOTE. For a contrary holding, see *Westervelt* v. *Mohrenstecher*, 76 Fed. Rep. 118, which appeared after this opinion was in the hands of the reporter.