SMITH *v.* JONES.

----●----

| 15 | 281 |
|----|-----|
| 66 | 557 |
| 15 | 281 |
| 139 | 178 |

Eben Smith, Jr., Administrator of H. W. Ellsworth
v. Robert Jones.

*Attachment: Estate of deceased persons: Commissioners.* Where in the prosecution of a claim a lien has been acquired by attachment against a defendant in his life time, the plaintiff may, on obtaining judgment, have execution against the property so attached, whether commissioners have been appointed, or not, to hear claims against the estate of the deceased person.— 2 *Comp. L.* § 2974.

*Heard April 2d. Decided April 3d.*

15 Mich. — T.

Certiorari to Kent Circuit.

This writ was brought to review the proceedings of the Circuit Court for Kent Circuit, in granting an order for the issuing of an execution against an administrator. The facts are stated in the opinion.

The following are the errors assigned:

1. For that the said judgment was certified to the Probate Court, under section 2931 of the compiled laws.

2. For that said judgment was presented to the commissioners appointed by the Probate Court of Kent county, in said estate, and allowed by them.

3. Because the amount of said judgment must be paid in the same manner as other claims duly allowed against the estate of said deceased.

4. That by the death of the defendant in the original suit, and the subsequent proceedings, the plaintiff's specific lien, by virtue of such writ of attachment, was lost, and he is not therefore entitled to enforce it, to the exclusion of the other creditors; and,

5. Because such judgment is under the control and disposition of the Probate Court, and the plaintiff can not have execution in the Circuit Court of the county of Kent.

*Miller* and *Willson*, for plaintiff.

1. A lien was created by the levy and subsequent proceedings, 2 *Comp. L.* § 4751, which was not lost by the death of original defendant.

2. The action was prosecuted to final judgment, after the death of the original defendant.— 2 *Comp. L.* § 2931.

3. The time was fixed by the Probate Court for the payment of debts by the administrator.— 2 *Comp. L.* § 2946.

4. The right to issue execution against the estate of the deceased was suspended by the appointment of commissioners, until the expiration of the time limited by the court for the payment of debts.— 2 *Comp. L.* § 2930.  *See, also*, §§ 2974-5.

5. Plaintiff claims that a lien having been created by the levy and subsequent proceedings, and the time limited by the Probate Court for the payment of debts having expired, and the judgment being still unpaid, he is entitled to an execution on his judgment in the regular form.— 2 *Comp. L.* §§ 4763 – 4.

The inference from the language of the statute, (§§ 2930, 2974 – 5) is, that the lien of the attachment is not destroyed, but only suspended during the time limited for the payment of debts.

Justice requires that plaintiff be allowed to enforce his lien by an execution, and not be compelled to resort to any other proceeding for that purpose.

*Eben Smith, Jr.*, for defendant.

1. The plaintiff has no specific lien on the lands levied on, under his attachment.

The judgment in the cause was certified to the Probate Court, under section 2931 of the compiled laws, and presented to the commissioners appointed on said estate and allowed by them; and the amount thereof must be paid in the same manner as other claims duly allowed against the estate.— *Comp. L.* § 2931.

2. The plaintiff is not entitled to have an execution issue on his judgment.

No execution shall issue against the administrator, etc., during the time allowed him for the payment of debts, except in the case provided for in section 2974; Comp. L. § 2975.

Article No. 190, laws 1850, amended said section 2974, by inserting between the words "omitted" and "no," the words, "the Judge of Probate shall perform the duties devolving upon such commissioners by law," and thus provided against any failure in allowance of claims.

The section before amendment provided that "if the appointment of commissioners to allow claims should in

any case be omitted, no person having any contingent or other lawful claim against a deceased person should thereby, (*i. e.* by any failure to appoint commissioners, etc.,) be prevented from prosecuting the same against the executor, etc., as provided by law, and in such case (*i. e.* in case the appointment of commissioners to allow claims, should in any case be omitted,) the claimant having lien by attachment previous to his death, may, on obtaining judgment, have execution, etc."

The words, as provided by law in the section, refer to the ordinary methods of prosecuting claims to judgment.

The plaintiff in this case having presented his claim to commissioners appointed by the Probate Court, and the same having been allowed, it must be paid in the same manner as other claims duly allowed against the estate. It is under the control and disposition of the Probate Court, and the plaintiff can not have execution in this court, even though the time limited by the Probate Court for payment of debts, has passed and not been extended.

The clerk of this court properly refused to issue any process on said judgment.

COOLEY J.

The defendant in error brought suit in the court below against Ellsworth by attachment, which was returned not personally served. Ellsworth died pending the suit, and the cause afterwards proceeded to judgment against his administrator. The judgment not being satisfied, defendant applied to the court below for execution, which was awarded to him. The administrator thereupon brings the proceedings to this court to obtain a reversal of the order for execution. The question is solely one of statutory construction.

The statutes of 1846 — *Ch.* 72, § 16 — provide that all actions pending against a person at the time of his death, may, if the cause of action survives, be prosecuted to final

judgment, and if judgment is rendered against the estate, it shall be certified to the Probate Court, to be paid as other claims duly allowed against the estate.

Other sections provide for commissioners in the Probate Court to audit and allow claims; and section fifty-nine, before amendment, was as follows:

"If the appointment of commissioners to allow claims shall in any case be omitted, no person, having any contingent or other lawful claim against a deceased person, shall thereby be prevented from prosecuting the same against the executor, administrator, heirs, devisees or legatees, as provided by law, and in such case a claimant having a lien upon real or personal estate of the deceased, by attachment previous to his death, may, on obtaining judgment, have execution against such real or personal estate."

This section is certainly very awkwardly drawn; the first reading might leave the impression that liens by attachment were only preserved in the cases where the appointment of commissioners had been neglected, so that the creditor was compelled to resort to suit. But as no attachment could be obtained after the party's death, to give the section this construction would nullify this portion of it; as demands already in suit did not go before the commissioners in any case, unless the plaintiff saw fit to withdraw his suit for the purpose. We think it the evident intent of this section to save the lien by attachment in any case where the party proceeded in his attachment suit to judgment; and that the words "in such case," here employed, refer to the case of the party prosecuting his demand to judgment against the executor, etc., and not to the case of failure to appoint commissioners. We are not warranted in giving the statute a construction which would render any part of it nugatory, if any reasonable construction can be put upon it which would give effect to the whole.

The legislature of 1850 must have understood the section as we do. They amended it by providing that if no commissioners were appointed, the judge of probate should perform their duties. The remainder of the section then provided that "no person, having any contingent or other lawful claim against a deceased person, shall thereby be prevented from prosecuting the same against the executor," etc., "as provided by law, and in such case a claimant having a lien upon real or personal estate of the deceased, by attachment previous to his death, may, on obtaining judgment, have execution against such real or personal estate." Now the cases provided by law, in which the creditor may prosecute his demand to judgment, are those in which suit was commenced before his death; and in these, if lien had been acquired by attachment, the section as it now stands clearly saves it.

The order of the Circuit Court is correct, and should be affirmed.

CAMPBELL and CHRISTIANCY JJ. concurred.

MARTIN Ch. J. did not sit.