MILLER v. DAVIS.

1. JUSTICES OF THE PEACE—DISCONTINUANCE OF AN APPEAL.
    Discontinuance of an appeal from justice's court to the
    circuit court is not the same as discontinuance or dis-
    missal of a suit.

2. SAME—DISMISSAL OF AN APPEAL CONCLUDES LITIGATION WHERE
    NO EFFORT MADE TO REVIVE JUDGMENT RENDERED IN JUSTICE'S
    COURT.
    When an appeal is dismissed or discontinued, the judg-
    ment rendered in the justice's court may be revived (3
    Comp. Laws 1915, § 14420), but the discontinuance of a
    suit or cause concludes the litigation, and the same result
    follows the dismissal of a case that has been brought
    into the circuit court by appeal as follows the dismissal
    of a case originally instituted in the circuit, since, upon
    appeal, the suit is for trial de novo (3 Comp. Laws 1915,
    § 14417).

3. SAME—EXECUTION UNDER VOID JUDGMENT NOT A BAR TO RE-
    PLEVIN SUIT.
    Where an appeal from justice's court was dismissed in
    the circuit court without prejudice, and no effort was made
    to have the case reinstated in the justice's court under
    3 Comp. Laws 1915, § 14420, the judgment in that court
    became a nullity, and therefore a writ of execution and
    seizure of an automobile thereunder was void and was
    not a bar to a replevin suit to recover the automobile.

Error to Wayne; Dunham (Major L.), J., presiding.
Submitted October 7, 1927.   (Docket No. 63.)   De-
cided February 14, 1928.

Replevin by Frank P. Miller against Stewart Davis
and others for the possession of an automobile.   From
an order quashing the writ, plaintiff brings error.
Reversed.

---

[1] Justices of the Peace, 35 C. J. § 520 (Anno); [2] Id., 35 C. J. §
527; [3] Id., 35 C. J. § 527.

*Albert McClatchey, Firmon Lush* and *Harry J. Weber,* for appellant.

NORTH, J.  The writ of replevin by which this suit was instituted in the circuit was quashed on defendants' motion.  This order to quash was based on a determination by the trial court that the property in suit was held by the defendants by virtue of a writ of execution, and, therefore, was not subject to replevin. 3 Comp. Laws 1915, § 13084.  The case is in this court on plaintiff's writ of error.

The plaintiff herein was the defendant in a suit in justice's court and judgment was rendered against him.  He thereupon perfected an appeal to the circuit court.  After the appeal had been pending for more than a year, the circuit judge entered an order in substance as follows:  "This cause is hereby dismissed without prejudice."  While the record is not clear on this point, we assume this order was entered under the provisions of section 12574, 3 Comp. Laws 1915, which provides for dismissal of a cause for want of prosecution for more than one year.  After the entry of the order of dismissal, and evidently on the theory that the dismissal in the circuit permitted the judgment to be revived in the justice's court (see 3 Comp. Laws 1915, § 14420), execution was issued by the justice and placed in the hands of a constable, who, together with another constable, seized an automobile belonging to the plaintiff herein.  This suit in replevin was thereupon instituted in the circuit court by the plaintiff against these two constables.  They entered a special appearance and made a motion to quash wherein they asserted plaintiff's affidavit filed incident to issuing the writ of replevin was false in that it stated the automobile was not seized or held under an execution or attachment.  The writ was quashed.

The question presented is this: When an order is

241—Mich.—35.

entered in the circuit court dismissing a cause without prejudice for want of prosecution after an appeal has been regularly perfected from the justice's court, is the judgment of the justice thereby reinstated upon compliance with section 14420, 3 Comp. Laws 1915, or does the order of dismissal without prejudice nullify the justice's court judgment. · The law is well settled in this State that a discontinuance of an *appeal* is not the same as a discontinuance or dismissal of a *suit*. *French* v. *Weise*, 112 Mich. 586. When an appeal is dismissed or discontinued, the judgment rendered in the justice's court may be revived (3 Comp. Laws 1915, § 14420) ; but, the discontinuance of a suit or cause concludes the litigation. The same result follows the dismissal of a case that has been brought into the circuit court by appeal as follows the dismissal of a case originally instituted in the circuit. This must be so, since, "upon general appeal from a justice's court to the circuit court, the suit is for trial *de novo,* and is subject to the same rules as though originally brought in the latter court." *French* v. *Weise, supra;* 3 Comp. Laws 1915, § 14417. In the instant case, the order of the circuit court was "This *cause* is hereby *dismissed* without prejudice." This order obviously terminated all proceedings therein; and, with the suit dismissed, there was no power to revive the justice's judgment. The dismissal was without prejudice; but, so far as disclosed by the record, the plaintiff in the suit appealed made no effort to have the same reinstated. Upon dismissal of the suit the judgment in favor of the plaintiff became a nullity, and, therefore, no valid execution could be issued. The writ of execution being void, it was no execution at all and was not a bar to the plaintiff's right to institute a replevin suit. The circuit judge was in error in quashing the writ of replevin; and the order and

judgment of the lower court is reversed, with costs of this court to the appellant.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.