### SCHEINMAN v. BAKER.

JUDGMENT—RES ADJUDICATA—STIPULATIONS—VENDOR AND PURCHASER.

    Discontinuance of suit to foreclose land contract, by stipulation and without prejudice, restored the parties to their previous rights and remedies under the contract, and therefore action at law to recover past-due payments is not barred thereby.

Error to Wayne; Dehnke (Herman), J., presiding. Submitted April 22, 1930. (Docket No. 119, Calendar No. 34,949.) Decided June 2, 1930.

Assumpsit by Harry S. Scheinman against Ray D. Baker for payments due under a land contract. From a judgment for plaintiff, defendant brings error. Affirmed.

*Friedman, Meyers & Keys,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara (John Conway Cook,* of counsel), for defendant.

WIEST, C. J. Plaintiff, vendee under land contract for the purchase of premises in the city of Detroit, entered into a land contract, as vendor, for the sale of the same premises to defendant as vendee. The land contract with defendant contained the following acceleration clause:

"If proceedings are taken to enforce the contract in equity, after default by the purchaser, the entire amount owing hereon shall be due and payable forthwith."

A payment fell due, was not made, and plaintiff gave written notice to defendant and others interested as vendees by assignments, of his election to declare the full amount of the contract due and payable, and, if not paid within five days, a suit in equity would be brought. Payment was not made, and plaintiff filed a bill in equity to foreclose the contract. By stipulation of attorneys for the parties, that suit was "discontinued without prejudice and without costs to any of the parties hereto." Plaintiff then brought this action at law to recover from defendant, vendee in the land contract, two past-due payments, and had judgment. Defendant reviews by writ of error, and claims that the election, by notice and suit in equity to have the entire amount owing on the contract due and payable, committed plaintiff to that remedy, and to permit any other, such as this action, deprived defendant of considerations the equity court could entertain.

The discontinuance of the foreclosure suit, by stipulation and without prejudice, restored the par-

ties to their previous rights and remedies under the contract. Plaintiff, by discontinuance of the foreclosure suit, waived the right, therein claimed, of having acceleration of payments. Defendant, by consenting to such discontinuance without prejudice, cannot now invoke that suit in bar of this suit. Defendant must abide his contract, for we can make no other for him.

Judgment is affirmed, with costs to plaintiff.

BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. CLARK, J., did not sit.