NORTHRUP v. JAY.

1. DISMISSAL AND NONSUIT.
   Dismissal of cause terminates all proceedings therein.

2. SAME.
   Dismissal without prejudice leaves parties as if no action had been instituted.

3. SAME—PRINCIPAL AND SURETY—DISCHARGE OF SURETY.
   Where replevin suit in which defendant had executed redelivery bond (3 Comp. Laws 1929, § 14823) was dismissed without prejudice as one in which no progress had been made for more than one year (3 Comp. Laws 1929, § 14253), surety was thereby discharged.

4. SAME—PRESUMPTION OF REGULARITY.
   Where replevin suit was dismissed without prejudice as one in which no progress had been made for more than one year (3 Comp. Laws 1929, § 14253), and plaintiff waited for nearly 21 months before seeking reinstatement, court properly assumed, under theory of presumption of regularity of action, that case was dismissed in accordance with statute and rule, in absence of showing to contrary.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted January 17, 1933. (Docket No. 44, Calendar No. 36,649.) Decided April 4, 1933.

Replevin by Emily L. Northrup against William H. Jay, Detroit Fidelity & Surety Company, and others. Judgment for plaintiff against defendant Jay only. Plaintiff appeals. Affirmed.

*Brown, Stoneman, Lorenzo & Springstun,* for plaintiff.

*Friedman, Meyers & Keys (Aaron Weiswasser,* of counsel), for defendant Detroit Fidelity & Surety Company.

CLARK, J. On December 16, 1927, plaintiff brought replevin, and certain household furniture was taken on the writ. On December 22, 1927, defendant Jay executed a redelivery bond (3 Comp. Laws 1929, § 14823), with defendant Detroit Fidelity & Surety Company as surety. Declaration and plea were filed during the same month.

On February 3, 1930, the cause was dismissed without prejudice as one in which no progress had been made for more than one year. 3 Comp. Laws 1929, § 14253.

On November 21, 1931, plaintiff made motion to reinstate the cause, alleging inadvertence, and appealing to the grace of the court. A stipulation for reinstatement signed by counsel for plaintiff and counsel for defendants in the trial court (not present counsel) was filed. On and because of the stipulation the cause was reinstated.

In the period between dismissal and reinstatement, the surety, treating the matter as terminated, surrendered to its principal, defendant Jay, the collateral security it had taken when becoming surety. The trial court refused judgment against the surety. Plaintiff has appealed.

The dismissal of the cause "terminated all proceedings therein." *Miller* v. *Davis,* 241 Mich. 544; 18 C. J. p. 1207. "A dismissal without prejudice leaves the parties as if no action had been instituted." 8 Words and Phrases (1st Ser.), p. 7508, citing *Taylor* v. *Slater,* 21 R. I. 104 (41 Atl. 1001); *Scheinman* v. *Baker,* 250 Mich. 668; 54 C. J. p. 639.

Hence the surety here is discharged.

But plaintiff argues that the dismissal was without jurisdiction and void. The trial judge who ordered dismissal states that it was granted "in pursuance of the statute governing dismissal of 'no progress' cases," and in pursuance of a local court rule. Plaintiff recognized the dismissal as valid when petitioning for reinstatement. In any event, on this record, we are in accord with the following by the trial judge:

"You haven't established there was a lack of jurisdiction. There is no showing here there was no rule under which the case could be properly dismissed and I don't think I will trouble with this case any longer. * * * I am going to dismiss the case on the theory that the presumption * * * of regularity of action justifies the court in assuming that the case was dismissed in accordance with the rule."

As this disposes of the case, we need not consider the question that plaintiff is estopped, on this record, to ask judgment against the surety by reason of delay of nearly 21 months in seeking reinstatement; nor need we discuss asserted invalidity in order of reinstatement that signature of then counsel for defendant to the stipulation was unauthorized and made at a time when his client had secured return of his collateral and was not collectible.

Affirmed.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.