ALBERT F. H. SCHROEDER ET AL., APPELLANTS, V. BUNKUM BARTLETT ET AL., APPELLEES.

FILED SEPTEMBER 20, 1935. No. 29297.

*R. E. Bannister* and *Harry R. Ankeny*, for appellants.

*Frank M. Johnson, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

PAINE, J.

This is a suit in equity to have a warranty deed and an option to repurchase the land conveyed and a lease for the rental of the same land all construed together as a mortgage.

The petition alleged the ownership of the real estate in the plaintiff, who upon February 15, 1930, gave the defendant a mortgage bond thereon in the sum of $7,500; that on October 10, 1932, the plaintiff was in financial distress, and owed a balance of coupon No. 4 in the sum of $55, and all of coupon No. 5 in the sum of $225. Defendant insisted upon payment of the entire mortgage indebtedness because of said defaulted interest, and threatened immediate foreclosure thereof. Defendant insisted that if plaintiff would give him a warranty deed for the property he would give him back a one-year lease of the property together with an option for one year to repurchase the said property for the exact amount of the indebtedness. Plaintiff alleges that defendant represented to him that said papers would thereby extend the time of

payment of the amount then due for one year and be considered as further security for the original debt, that said three instruments were all executed at the same time and place, and were parts of the same transaction. The prayer of the petition was that an account be taken of the amount due the defendant from the plaintiff, and that the three instruments be decreed to be a single transaction and constitute a mortgage, and that plaintiff be given the right to redeem said premises, and that the court cancel said deed and quiet the title of the property in the plaintiff.

To this the defendant answered, admitting the execution of the mortgage, and that the interest was in default, and to obviate the necessity of a foreclosure an agreement was reached whereby the warranty deed, the option to repurchase, and the lease were given, and that it was orally agreed that the defendant was to pay the 1933 water maintenance, and the plaintiff would give as rent two-fifths of the corn raised on the land and $64 cash rent for the alfalfa ground. That in pursuance to the terms of the lease the plaintiff delivered to the defendant the two-fifths share of corn produced, and at the termination of the lease refused to give possession of the premises to the defendant, and defendant prayed that plaintiff's action be dismissed and title to the land quieted in the defendant, and the defendant be decreed to be entitled to immediate possession of the land; to which answer the plaintiff filed a reply in the nature of a general denial.

When the plaintiff had rested his case, the following motion was made by defendant's counsel: "Mr. Johnson: Comes now the defendant and moves the court to dismiss the action of plaintiffs because the evidence introduced by the plaintiffs fails to constitute a cause of action against the defendants, or either of them, and for the further reason it is shown by the plaintiffs' own testimony that the note and mortgage were returned to them after the deed was executed; that the relation of landlord and tenant has existed since that time; that the share-rent of the corn has been turned over to the defendant and the plaintiff asking

the defendant if he desired to sell the corn; and the plaintiff further endeavoring to rent the premises from the defendant for the crop year beginning March 1, 1934, and ending March 1, 1935; and for the further reason that it is shown that exhibit 3, the option to repurchase contract, was founded upon a new and independent consideration, which was paid by plaintiffs to defendants, and that the plaintiffs have failed to exercise their rights under said option to repurchase."

It appears from the evidence that the plaintiffs well knew that they were signing a warranty deed and taking a lease of the premises with the option to buy. Thereafter they recognized the defendant as the owner of the property. The defendant paid the taxes assessed against the property, and directed the building of a crib in which to put his two-fifths rent share of the corn crop. On February 1, 1934, the plaintiff asked the defendant for an extension of the lease of the farm for another year from the expiration of his lease, which was to occur on March 1, 1934, and the defendant refused to lease the land to the plaintiff for another year, and shortly thereafter the plaintiff started this action.

It is quite evident from the testimony that the plaintiff did not make any claim of ownership after the execution of the deed until the filing of this suit, and all of his acts in keeping up the farm in good, husbandlike manner were such as would be required of a tenant under a lease. The plaintiff did not pay taxes on the property, or pay insurance, or pay the annual water maintenance fee, but left all of these for the owner to pay.

In this case the evidence is clear that the relation of mortgagor and mortgagee did not continue, but that plaintiff at once assumed the relation of a tenant, and therefore cannot dispute his landlord's title. *Samuelson v. Mickey,* 73 Neb. 852; *Riley v. Starr,* 48 Neb. 243; *Gies v. Storz Brewing Co.,* 75 Neb. 698.

When the defendant made the motion to dismiss the plaintiff's action, he admitted the plaintiff's testimony to

be true, together with every conclusion which may fairly and reasonably be drawn therefrom. It then became a question of law for the court to determine, *i. e.*, whether the evidence which had been offered by the plaintiff was sufficient to support a judgment for the plaintiff.

The court, having reviewed the plaintiff's evidence, and having been aided by the arguments of counsel, reached the conclusion that the plaintiff had failed to make out even a *prima facie* case, as defined in *In re Estate of Hoagland*, 126 Neb. 377. Therefore, it was not necessary to proceed further with the trial, the plaintiff having entirely failed to support the allegations of his petition by his evidence. The defendant's motion to dismiss the plaintiff's action was properly granted, thereby terminating the litigation, and the notes made by the trial judge in his docket in announcing his decision read as follows: "May 10, 1934. Comes now the respective parties and after a statement of the case is made, we proceed to receive the evidence. Plaintiffs rest. Defendants move for a dismissal of evidence. Same is argued to the court, find the motion should be sustained on the grounds that there is insufficient evidence to support the plaintiffs' claim."

However, the journal entry signed by the court did not correspond with the above trial notes made by the court at the conclusion of the case, for it appears that, upon demand of defendant's attorney, the trial court, after the conclusion of the case, in the absence of and without notice to the plaintiff and the attorney, added to his journal entry findings, granting to the defendant the relief asked for in the prayer of his answer, although the defendant had introduced no evidence and had succeeded in getting the case dismissed at the close of the plaintiff's evidence.

It is insisted by the plaintiff that a motion to dismiss the plaintiff's petition at the close of the plaintiff's evidence is in effect a demurrer to the evidence, and that sustaining such a motion carries the entire matter out of court and is a final ending of the lawsuit. *Sammons v. Pike*, 105 Minn. 106. In *Campbell v. Crone*, 10 Neb. 571, it is held that a

party who moves a dismissal of an action has no right to complain of the consequences necessarily resulting therefrom. In *Gordon v. Clark*, 122 Neb. 364, it is held: "A party who invites, urges and consents to an order cannot later be heard to complain that there was error in such order." It has been said: "Where a suit is dismissed or a nonsuit ordered, it carries the parties and the entire cause of action out of court, and all further proceedings in the action are unauthorized, until the judgment of dismissal or nonsuit is vacated and the cause reinstated, except to render a judgment or decree for costs or to make such order or decree in the cause as may be necessary to effectuate the judgment terminating the cause, and except on appeal." 18 C. J. 1207.

In our opinion such affirmative relief, granted under the circumstances stated, exceeded the power of the court in that it went far beyond the ruling of the court as announced in open court, and upon which the plaintiff had a right to reply. We have held that, when the court has announced that he will sustain such motion, it is a final submission, and the case is terminated. *Stungis v. Wavecrest Realty Co.*, 124 Neb. 769; *Bee Building Co. v. Dalton*, 68 Neb. 38; Comp. St. 1929, sec. 20-601. A very exhaustive note is found, discussing many Nebraska cases, in *Texas Electric Railway v. Cox*, 49 S. W. (2d) 725, as published in 89 A. L. R. 11. In *Grimes v. Chamberlain*, 27 Neb. 605, it was held: "An entry of dismissal terminates the jurisdiction of the court over the cause of action presented by such plaintiff, except for the purpose of entering the order of dismissal and rendering judgment for costs." While this order was made upon motion of plaintiff, the holding seems to cover the case at bar.

In *Wachsmuth v. Orient Ins. Co.*, 49 Neb. 590, this court held: "A special finding made at the request of one party after judgment, and without notice to the adverse party, is absolutely void."

The decree of the lower court is modified to the extent of striking out the additional relief granted to the defend-

ant, the only announcement made by the court at the close of the argument on the motion being, "The motion is sustained; I will give you exceptions," as shown by the bill of exceptions.

It is ordered that the decree of the court be modified by striking out all of the decree after the entry "that plaintiff's action be and the same is hereby dismissed," and that the costs in the district court, wherein the plaintiff did not prevail, should be taxed to the plaintiff, and in the supreme court each party shall pay his own costs.

AFFIRMED AS MODIFIED.