John Darwin Ellison et al., Appellants, v. Terzie K. Ward et al., Appellees.

Opinion filed March 9, 1938.

D. F. MOORE, of Benton, and HENRY T. MARTIN, of Chicago, for appellants.

ROY C. MARTIN, LAYMAN & JOHNSON, WILLIAMS & HARRISON, W. H. HART and HICKMAN & HICKMAN, all of Benton, for appellees; MOSES PULVERMAN, of Benton, of counsel.

MR. JUSTICE EDWARDS delivered the opinion of the court.

This action was brought by plaintiff, a minor, by next friend, against the stockholders of an insolvent bank

to enforce the statutory stockholders' liability. The bill of complaint was filed in 1933, before the Civil Practice Act became operative, and the pleadings were drafted under the Chancery Act as then in force.

Plaintiff being ruled to file a bond for costs, did so, and upon motion it was stricken as being insufficient, as was also a second similar obligation. The chancellor then ruled plaintiff to file a sufficient bond within 10 days, which plaintiff attempted to do by filing within the time limited the following document:

"I hereby enter myself security for costs in this cause, and acknowledge myself bound to pay, or cause to be paid, all costs which have accrued, or may accrue, in this action, either to the opposite party or to any of the officers of this court, in pursuance of the laws of this state.

> "(Signed)   Nora Newton
>                 Joseph I. Galloway."

Certain defendants moved to dismiss the suit, alleging failure of plaintiff to file a sufficient bond for costs as previously ruled by the court. After hearing, the court held that plaintiff had not complied with such rule, but had filed another instrument identical in form with the one which had been previously adjudged insufficient in form, though with different sureties, and that same was not a lawful cost bond. The chancellor thereupon dismissed the suit, with prejudice and at plaintiff's costs. Such ruling is assigned as error.

Defendants urge that the bond for costs in this suit is governed by sec. 18 of the Guardian and Ward Act [Ill. Rev. Stat. 1937, ch. 64, § 18; Jones Ill. Stats. Ann. 57.18] which provides among other things that any suit may be prosecuted by a minor, by his next friend, on such next friend entering into bond for costs and filing same in the court in which the suit is instituted.

We think the contention is correct and that the quoted section is controlling in the instant case.

The statute does not prescribe the form of such bond, and in such situation the rule appears to be that the instrument is sufficient in form if the object is distinctly and clearly stated; 15 Corpus Juris, p. 211, sec. 513.

Here, said section 18 requires a bond for costs, and the obligors engage to pay all costs incident to the prosecution of the suit. This is the object and requirements of the statute, and it seems that the instrument clearly and distinctly avers such purpose and is therefore, as to form, sufficient within the rule.

Defendants further assert that it is not in law a bond for the reason that it was not executed under seal of the sureties, and cite some early decisions in support of the contention. The rule in this regard appears to have been much relaxed by the later adjudications.

In *United States v. Linn,* 15 Peters (U. S.) 290 (10 L. Ed. 742), it is stated: "The only material difference between an instrument under seal, and one not, is that the one imports a consideration, and in the other it must be proved."

*First National Bank v. Briggs,* 69 Vt. 12, 37 Atl. 231, declares the rule: "Though an instrument in form a bond is without seals, it is a valid obligation, where executed on a sufficient consideration, and delivered as security."

The Supreme Court has passed upon the proposition, in the *People v. Ford,* 294 Ill. 319, 324, wherein the court ruled: "The requirement of a seal in the execution of documents by individuals has become a mere formality. It means nothing."

*Woodbury v. Ocean Acc. & Guar. Corp. Ltd.,* 205 Ill. App. 387, 401, contains the following statement: "A seal, generally speaking, merely adds 'factitious dignity' to a document; 'more conclusiveness, as mere evidence of the agreement of the parties.'"

We do not think that the omission of the seals of the obligors upon the instrument rendered it invalid. It

is our conclusion that the document was valid, if the sureties were sufficient, and was a compliance with the court's order of May 18, 1936, and that the court erred in holding otherwise. Moreover, even if it was insufficient, we are of opinion that the chancellor should not have dismissed the action "with prejudice."

Where the plaintiff is a minor he becomes a ward of the court, and the protection of his interests should be the object of its solicitude. In *Lloyd v. Kirkwood,* 112 Ill. 329, 338, the court, in considering this matter, stated: "Whenever the property rights of an infant are drawn into litigation, and the infant himself, whether as plaintiff or defendant, has been brought into court, he at once becomes the ward of the court, and as such it is the duty of the court to see that his rights, as such, are properly protected. . . . If the guardian ad litem fails to properly protect the interests of the ward, it is the duty of the court, sua sponte, to compel him to do so whenever the fact in any manner is brought to the notice of the court."

This doctrine was quoted approvingly in *Tymony v. Tymony,* 331 Ill. 420; and to the same effect are *Mason v. Truitt,* 257 Ill. 18; and *Stark v. Brown,* 101 Ill. 395. In *Gibbs v. Andrews,* 299 Ill. 510, the court in discussing this subject, at page 514, declared: "The court will not only appoint a guardian ad litem for the protection of such rights, but will exercise a constant supervision over such guardian ad litem, and will see that no interest of a minor or other person under legal disability is prejudiced."

While the cited decisions refer to guardians *ad litem,* the rule applies with equal force to next friends, as stated in 31 Corpus Juris, p. 1118, sec. 262: "While, technically speaking, a next friend represents an infant plaintiff, and a guardian ad litem represents an infant defendant, there is little, if any, difference between their functions or powers."

If the next friend, in the instant case, was remiss in her duty in filing a cost bond, it was incumbent upon the court to indicate to her the sort of bond he deemed proper, and then require her to file same. The infant's rights should not be prejudiced by the conduct of the next friend, and the cause should not be dismissed therefor, when the court has ample power to require the protection of his interests. So that whether the cost bond, as filed, was or was not sufficient, as a matter of law, we think the court erred in dismissing the suit with prejudice to the infant's right to further proceed.

Defendants' brief, at page 4, sets forth: ''After full hearing and after Judge Pearce, by his order of June 19, 1936, had dismissed the suit for the failure of plaintiff to comply with the rule as to cost bond, the plaintiff presented such motion for leave to file an amended and supplemental bill, which motion the Court denied.''

Plaintiff complains of such ruling. We do not find in the record anything to dispute the quoted assertion of defendants, so shall regard it as correct.

After the court had dismissed the suit, the litigation was at an end, and unless or until the order of dismissal was set aside or otherwise vacated, the court was without power to make any other orders in the cause. As stated in 18 Corpus Juris, p. 1207, sec. 143: ''The general rule is that where a suit is dismissed or a nonsuit ordered, it carries the parties and the entire cause of action out of court, and all further proceedings in the action are unauthorized until the judgment of dismissal or nonsuit is vacated and the cause reinstated, except to render a judgment or decree for costs or to make such order or decree in the cause as may be necessary to effectuate the judgment terminating the cause, and except on appeal.'' After the court dismissed the action it had no authority to consider or rule upon the motion for leave to file the amended and

intervening petition, and its order of denial thereon was erroneous.

The order is reversed and the cause is remanded, with directions to approve the cost bond last filed, if the sureties thereon are found to be sufficient; if not, to require the next friend to file another with adequate sureties, and after same has been done, to consider and rule upon the motion for leave to file an amended and supplemental bill, as shall appertain to right and justice.

*Reversed and remanded with directions.*