HAILEY v. SAGINAW JUSTICE OF THE PEACE.

1. JUSTICES OF THE PEACE—APPEAL TO CIRCUIT COURT—CONDITIONS OF BOND.

When a case is appealed from a justice's court to the circuit court the appellant must furnish a bond conditioned upon his prosecution of the appeal with all due diligence to a decision in the circuit court and if judgment be rendered against him therein he will pay it with costs and interest or if appeal be dismissed he will pay amount of judgment against him in the justice's court with costs and interest (3 Comp. Laws 1929, § 16225).

2. SAME—DISMISSAL OF APPEAL.

When an appeal from justice's court is dismissed or discontinued and a certified copy of the order of dismissal or discontinu-

ance is served upon the justice, he must proceed thereon as if no appeal had been made (3 Comp. Laws 1929, § 16242).

3. APPEAL AND ERROR—DISMISSAL—EFFECT.

On dismissal of an appeal the cause stands in the trial court as if no appeal had ever been made and the decree or order appealed from becomes final, the effect being to leave the parties where they were before the appellate proceeding was instituted.

4. DISMISSAL AND NONSUIT—DISMISSAL OF ACTION—DISMISSAL OF APPEAL FROM JUSTICE'S COURT.

While dismissal of a suit originating in circuit court terminates the litigation, dismissal of an appeal from a justice's court revives the judgment of the justice's court (3 Comp. Laws 1929, § 16225).

5. JUSTICES OF THE PEACE—APPEAL—JURISDICTION OF CIRCUIT COURT.

A motion to reinstate an appeal from a justice's court is a recognition of the jurisdiction of the circuit court to dismiss the appeal.

6. SAME—REINSTATEMENT OF APPEAL—LEAVE TO APPEAL.

Party feeling aggrieved by circuit court's denial of motion to reinstate his appeal from justice's court may seek leave to appeal from such denial.

7. SAME—APPEAL FROM JUSTICE'S COURT—DISMISSAL—NO PROGRESS.

A circuit court was not without authority to dismiss an appeal from a justice's court after lapse of over 21 months as the dismissal of such a case follows the same procedure so far as being praeciped for hearing and disposal on no progress calendar as if the case had had its origin in the circuit court (3 Comp. Laws 1929, § 14253).

8. PROHIBITION—ADEQUACY OF OTHER REMEDY.

The writ of prohibition is an extraordinary writ and should not and will not be granted where petitioner has an adequate remedy by some other proceedings.

9. SAME—ENFORCEMENT OF JUDGMENT OF JUSTICE'S COURT.

Petitioners *held*, not entitled to writ of prohibition against enforcement of judgment against them in justice's court after unappealed dismissal of their appeal to circuit court for want of progress.

Petition by Bert B. Hailey and wife against William J. Wolf, Justice of the Peace for the City of Saginaw, and others for writ of prohibition restraining

the enforcement of a judgment. Submitted October 14, 1947. (Calendar No. 43,779.) Writ denied January 5, 1948.

*Ryan, Doozan & Scorsone,* for plaintiffs.

*William C. O'Keefe* and *James V. Finkbeiner,* for defendants.

SHARPE, J. Petitioners, Bert B. Hailey and Mable Hailey, his wife, filed a petition for a writ of prohibition to restrain William J. Wolf, justice of the peace for the city of Saginaw, and Dale D. Doyle and Margaret Doyle from taking any further proceedings to enforce a judgment obtained against petitioners in the Saginaw justice court under date of July 11, 1941.

Respondents filed a reply in which they deny that petitioners are entitled to the writ of prohibition for reason that there is a valid and subsisting judgment in the justice court for the city of Saginaw in favor of Dale D. Doyle and Margaret Doyle against Bert B. Hailey and Mable Hailey.

An enumeration of the facts leading up to the petition seems necessary for a proper understanding of the issues involved. On July 11, 1941, a judgment was entered in the amount of $490 and costs in favor of Dale D. Doyle and Margaret Doyle, his wife, against Bert B. Hailey and Mable Hailey. An appeal was taken by Hailey and wife and return was made to the circuit court of Saginaw county on July 16, 1941, where both parties appeared and defendants Hailey requested a trial by jury. On May 3, 1943, this appeal was dismissed for want of progress. On November 16, 1945, petitioners Hailey filed a motion to strike the words "on appeal" from the order dismissing the appeal. Subsequently and on April 16,

1947, petitioners filed a motion for reinstatement of the appeal for the reason that the court was not authorized to dismiss appeals and could only dismiss causes. Subsequent to the dismissal of the appeal by the circuit court, respondents Doyle served a copy of the dismissal order upon one of the justices for the justice court for the city of Saginaw. Thereafter and on April 23, 1947, a writ of garnishment was issued out of the justice court. Petitioners Hailey, who were defendants in the justice court, filed a motion therein to dismiss the garnishment proceedings for the reasons alleged that no valid judgment exists upon which a writ of garnishment may be based. The justice of the peace denied the motion. Following the denial of this motion, petitioners filed their petition for a writ of prohibition. A show cause order was issued out of the Supreme Court, to which the respondents filed a reply.

It is the position of petitioners that respondents are attempting to enforce a void judgment and they rely on *Miller* v. *Davis,* 241 Mich. 544, and *Northrup* v. *Jay,* 262 Mich. 463, and urge that after the return on appeal was made and filed in the circuit court, the case became a circuit court cause and was subject to all the rules and regulations of the circuit court as if made and filed in an action originally commenced in said circuit court.

It is the position of respondents that when an appeal is dismissed or discontinued under the "no progress" statute, 3 Comp. Laws 1929, § 14253 (Stat. Ann. § 27.982), the judgment of the justice court is in full force and remains a valid judgment.

When a cause is appealed from a justice court to the circuit court, the appealing party shall furnish a bond as required by 3 Comp. Laws 1929, § 16225 (Stat. Ann. § 27.3483). One of the conditions of the bond is that:

"(3) It shall contain a condition that the appellant will prosecute his appeal with all due diligence, to a decision in the circuit court, and that if a judgment be rendered against him in such court, he will pay the amount of such judgment, including all costs, with interest thereon, and if his appeal shall be discontinued or dismissed that he will pay the amount of the judgment rendered against him, if any, in the justice's court including all costs, with interest thereon."

Section 16242, 3 Comp. Laws 1929 (Stat. Ann. § 27.3500), reads as follows:

"Upon an appeal being dismissed or discontinued, and a certified copy of the order of dismissal or discontinuance being served upon the justice, he shall proceed thereon as if no appeal had been made."

The effect of a dismissal of an appeal is stated in 4 C.J.S. p. 2007:

"On the dismissal of an appeal  *  *  *  the cause stands in the trial court as if no appeal had ever been taken;  *  *  *  the decree or order appealed from becomes final, and the effect of such dismissal is to leave the parties where they were before the appellate proceeding was instituted."

However, there is a distinction between the dismissal of an appeal and the dismissal of a suit. The dismissal of a suit or case concludes the litigation, see *Miller* v. *Davis, supra.,* and *Northrup* v. *Jay, supra,* but in the dismissal or discontinuance of an appeal, the judgment of the justice court is revived, see *French* v. *Weise,* 112 Mich. 586.

In the case at bar, petitioners filed a motion to strike the word "appeal" from the order dismissing the appeal and later filed a motion for reinstatement of the appeal. The motion to reinstate the appeal was a recognition of the validity of the jurisdiction

of the trial court to dismiss the appeal, see *Northrup* v. *Jay, supra,* hence we shall treat this controversy as a dismissal of an appeal rather than the dismissal of a cause. The cases relied upon by petitioners do not relate to the dismissal of an appeal and therefore are not authority on such an issue. Petitioners could have sought leave to appeal from the denial of their motion to reinstate.

Petitioners also urge that the no progress statute only authorizes the dismissal of appealed causes where the parties have had a chance to be heard and have not taken advantage of the opportunity.

Circuit Court Rule No. 3 (Saginaw circuit) reads as follows:

"Whenever any cause either at law or in chancery be at issue as to all parties, any attorney desiring to obtain a trial or hearing thereof shall file a praecipe for hearing with the clerk, which praecipe shall be given a consecutive number."

The cause was appealed on July 16, 1941, and was not dismissed until May 3, 1943. During this period of time petitioners could have praeciped the cause for trial. It is now too late to complain of their inaction. The trial court was not without authority in dismissing the appeal under the no progress statute as the dismissal of a case that has been brought into the circuit court by appeal follows the same procedure as if the case was originally started in the circuit court, see *Miller* v. *Davis, supra.*

In *Rogers* v. *Wayne Circuit Judge,* 243 Mich. 703, we said:

"The writ of prohibition is an extraordinary writ and should not and will not be granted where petitioner has an adequate remedy by some other proceedings."

Under the facts and circumstances in this case, we decline to issue the writ.   Respondents may recover costs.

BUSHNELL, C. J., and REID, NORTH, BUTZEL, and CARR, JJ., concurred with SHARPE, J. BOYLES and DETHMERS, JJ., concurred in the result.