## KLOPFENSTEIN *v.* ROHLFING.

1. APPEAL AND ERROR—MUNICIPAL COURTS—STATUTES.

   The chapter of the judicature act relating to appeals from justice court to the circuit court is applicable generally to the municipal court of Grand Rapids (CL 1948, §§ 730.351, 730.528, as added by PA 1957, No 79).

2. DISMISSAL AND NONSUIT—DISCONTINUANCE.

   The discontinuance of a suit or cause concludes the litigation.

3. JUSTICES OF THE PEACE—DISMISSAL OF APPEAL—REVIVAL OF JUDGMENT.

   The dismissal or discontinuance of an appeal from a justice of the peace revives the judgment rendered by the justice (CL 1948, § 678.20).

4. STATUTES—PRESUMPTION.

   It will not be presumed that the legislature intended to do a useless thing.

5. SAME—CONSTRUCTION.

   Every part of a statute will be given effect, if possible, when a court is construing it.

6. DISMISSAL AND NONSUIT—NO PROGRESS CAUSES—APPEAL FROM MUNICIPAL COURT OF GRAND RAPIDS.

   A general order of the circuit court, issued pursuant to statute requiring dismissal of all causes after expiration of a year during which no action has been taken or progress made, for want of prosecution, whereby appeal from municipal court of Grand Rapids was dismissed during second year after last action taken *held,* to have been void as to such appeal in view of another statute applicable as to such appeals deferring such dismissal for no progress for a period of 2 years (CL 1948, §§ 618.2, 678.21a).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 17 Am Jur, Dismissal, Discontinuance, and Nonsuit § 85 *et seq.*
[3] 3 Am Jur, Appeal and Error § 758.
[5] 50 Am Jur, Statutes § 231.

Appeal from Kent; Searl (Fred N.), J. Submitted April 15, 1959. (Docket No. 53, Calendar No. 47,843.) Decided June 5, 1959. Rehearing denied October 12, 1959.

Case by Ralph Klopfenstein, Jr., and Travellers Insurance Company against Louis Rohlfing in municipal court resulted in judgment for plaintiffs which was appealed to circuit court. On general order, case dismissed for lack of progress. Case reinstated on plaintiffs' motion. Defendant appeals. Affirmed.

*Deeb, Dunn & Elferdink,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Don V. Souter,* of counsel), for defendant.

BLACK, J. This cause arrived in the Kent circuit on appeal from a judgment, entered for plaintiffs against defendant, in the municipal court of Grand Rapids. The appeal was perfected in 1955. March 4, 1957, a general order was entered in circuit providing "that each of said causes hereinafter set forth (including the above) be and the same is hereby dismissed for want of prosecution, but without prejudice." Plaintiffs later moved to vacate such order for reasons presently considered. Judge Searl, of the Kent circuit, prepared and filed an opinion by which the quoted order of dismissal was held invalid. An order in accordance with his opinion thereupon entered, the result being that of reinstatement of the appeal as a pending calendar cause. From such order we granted leave to appeal.

Judge Searl's opinion is carefully considered and reasoned. Being in agreement with such reasoning and the conclusion reached thereon, we adopt his opinion as our own. It follows:

"On December 5, 1955, a judgment was rendered in the municipal court of Grand Rapids, in favor of the plaintiffs and in the amount of $282.51.

"The case was appealed to the circuit court and the return of the justice filed on December 12, 1955.

"On the dismissal calendar for March 1957 term was placed this cause, there having been no progress for 1 year, and on March 4th of that year an order was entered 'that each of said causes hereinafter set forth be and the same is hereby dismissed for want of prosecution, but without prejudice.' The plaintiffs have now petitioned the court 'that the order of the court dismissing said cause be declared a nullity' and allege that the order was void by reason of the provisions of PA 1947, No 183 which added section 21a to the chapter of the judicature act relating to appeals from justice court. CL 1948, § 678.21a (Stat Ann 1957 Cum Supp § 27.3501[1]).

"The statute having to do with dismissal of cases for lack of progress for 1 year is found in chapter 18 of the judicature act and provides that 'all causes in which no action has been taken or progress made for more than 1 year  *  *  *  shall be dismissed by the court for want of prosecution.' CL 1948, § 618.2 (Stat Ann § 27.982). This section has been held applicable to justice court appeals. *Miller* v. *Davis,* 241 Mich 544.

"The chapter of the judicature act relating to appeals from justice court to the circuit court is applicable generally to the municipal court of Grand Rapids. CL 1948, §§ 730.11, 730.351, CL 1948, § 730.528, as added by PA 1957, No 79 (Stat Ann § 27.3761, Stat Ann 1957 Cum Supp §§ 27.3784[1], 27.3937[28]).

"Counsel for plaintiffs contend that CL 1948, § 618.2 (Stat Ann § 27.982) relative to the dismissal of causes in which there has been no progress for 1 year is no longer applicable to appeals from the justice court by reason of the passage of PA 1947, No 183.

"Section 21a of the chapter relating to appeals added in 1947 reads, 'If an appeal shall have been or shall be on the no progress docket of the circuit court for a period of 2 years, on motion the appeal shall be dismissed and the appellee shall not be entitled to prosecute the bond or recognizance given on appeal.'

"It is plaintiffs' contention that the provisions of this last quoted section exclusively govern the matter of dismissals for no progress in cases appealed to the circuit court from the municipal court of Grand Rapids.

"Defendant contends that the provisions of CL 1948, § 618.2 (Stat Ann § 27.982) remain applicable. He points out that the Supreme Court has recognized a distinction in the result of orders by which 'the cause' is dismissed and of orders by which 'the appeal' is dismissed.

"In *Miller* v. *Davis, supra,* 546, the Court said, 'The law is well settled in this State that a discontinuance of an *appeal* is not the same as a discontinuance or dismissal of a *suit. French* v. *Weise,* 112 Mich 586. When an appeal is dismissed or discontinued, the judgment rendered in the justice's court may be revived (CL 1915, § 14420*); but, the discontinuance of a suit or cause concludes the litigation. The same result follows the dismissal of a case that has been brought into the circuit court by appeal as follows the dismissal of a case originally instituted in the circuit. * * * In the instant case, the order of the circuit court was "This *cause* is hereby ·*dismissed* without prejudice." This order obviously terminated all proceedings therein.'

"In *Hailey* v. *Saginaw Justice of the Peace,* 320 Mich 59, the order of the circuit court was that the 'appeal' was dismissed for want of progress. The court held that the judgment in the justice court remained valid, citing and quoting section 20 of the chapter on appeals (CL 1948, § 678.20 [Stat Ann

_____

* CL 1948, § 678.20 (Stat Ann § 27.3500).

§ 27.3500]). The Court said (p 63), 'However, there is a distinction between the dismissal of an appeal and the dismissal of a suit. The dismissal of a suit or case concludes the litigation, see *Miller* v. *Davis, supra,* and *Northrup* v. *Jay,* 262 Mich 463, but in the dismissal or discontinuance of an appeal, the judgment of the justice court is revived, see *French* v. *Weise,* 112 Mich 586.'

"And counsel for the defendant points out that section 21a added by the 1947 amendment expressly relates only to the dismissal of appeals and that the order in this case dismissed the cause under the provisions of CL 1948, § 618.2 (Stat Ann § 27.982).

"It must be confessed that the wording of the 1947 amendment leaves much to be desired in the interest of clarity.

"It uses the term 'no progress docket.' Does this mean the no progress 'calendar' created by CL 1948, §§ 618.2, 618.4 (Stat Ann §§ 27.982, 27.984), or is there to be created a 'docket' upon which at some stage of the proceedings appeal cases are to be placed and remain for a period of 2 years?

"Or is the section to be construed as meaning that after there has been no progress in an appeal case for 2 years, the case shall then be disposed of as a no progress case?

"These questions do not have to be answered here. This case was not 2 years old in the circuit court when it was dismissed. And under neither of the above possible constructions could it have been dismissed under the provisions of the 1947 amendment.

"On the other hand, if the case could be dismissed under CL 1948, § 618.2 (Stat Ann § 27.982), then the order of March 4, 1957, was valid.

"While there is much force in defendant's position that [said section] has not been repealed or amended and that it remains applicable to appeal cases in which there has been no progress for 1 year, there is, it seems to me, one insuperable objection to that position.

"If that section is applicable to appeal cases, then the 1947 amendment is rendered wholly meaningless.

"As pointed out, CL 1948, § 618.2 (Stat Ann § 27.982) is mandatory and requires the dismissal of *all* cases in which there has been no progress for a period of 1 year.

"Accordingly, if that section remains effective and is obeyed, an appeal case will be dismissed at the next term after the expiration of the 1-year period and could never reach and remain on the no progress 'docket' for a period of 2 years.

"It is a familiar rule of construction that it will not be presumed that the legislature intended to do a useless thing and that if possible every part of a statute must be given effect. An application of that rule is found in *Smith* v. *Jones,* 15 Mich 281, 285, in which Justice Cooley said, 'This section is certainly very awkwardly drawn; the first reading might leave the impression that liens by attachment were only preserved in the cases where the appointment of commissioners had been neglected, so that the creditor was compelled to resort to suit. But as no attachment could be obtained after the party's death, to give the section this construction would nullify this portion of it, as demands already in suit did not go before the commissioners in any case, unless the plaintiff saw fit to withdraw his suit for the purpose. * * * We are not warranted in giving the statute a construction which would render any part of it nugatory, if any reasonable construction can be put upon it which would give effect to the whole.' It is not necessary to refer to other cases, citations to which are readily available.

"Both of the provisions here involved are parts of the same statute, the judicature act. To reach the result contended for by defendant we must give the statute a construction which would render section 21a of the chapter relating to justice court appeals nugatory.

"To give the construction contended for by the plaintiffs leaves CL 1948, § 618.2 (Stat Ann § 27.982) effective as to all cases commenced in the circuit court and section 21a of the chapter on appeals (CL 1948, § 678.21a [Stat Ann 1957 Cum Supp § 27.3501(1)]) effective as to justice court cases appealed to the circuit court.

"The chapter on appeals is now comprehensive and apparently covers every situation likely to arise, including that in which the appealing party does not perform his obligation to 'prosecute his appeal with all due diligence, to a decision in the circuit court.' CLS 1956, § 678.3 (Stat Ann 1957 Cum Supp § 27.3483).

"I therefore adopt the construction contended for by the plaintiffs, and the motion to void the order of March 4, 1957, is granted."

Affirmed. Costs to plaintiffs.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.