# AUBREY L. SANDERS v. E. R. LOYD—364 S.W. (2d) 369.

Middle Section. December 2, 1960.

Certiorari Denied by Supreme Court May 5, 1961.

P. M. Howse, Jr., Nashville, for plaintiff in error.

Gracey, Buck, Maddin & Cowan, Hugh C. Gracey, Nashville, for defendant in error.

HUMPHREYS, J. Before entering into a consideration of this appeal it is proper to dispose of a motion by defendant in error Sanders to dismiss the appeal on the grounds the appeal was perfected more than thirty days after entry of final judgment, the record showing final decree entered on December 7, 1959, and appeal bond filed on January 11, 1960. Also, on the further ground plaintiff in error was required by order to file an appeal bond but sought to perfect his appeal by filing a pauper's oath in lieu thereof.

Disposing of the second ground of the motion first, we hold the order of the court which grants the appeal "upon giving appeal bond and otherwise perfecting his appeal as required by law" fairly contemplates the filing of a pauper's oath in lieu of a bond and disallow the motion on this ground.

With respect to the other ground, we find an anomalous situation. Although the order overruling the motion for new trial and granting the appeal is dated December 11, 1959, the same was entered on the minutes under date of December 7, 1959, so that the pauper's oath filed on January 11, 1960 actually undertook to perfect the appeal more than thirty days after entry date of final judgment as shown by the minutes. Examination of our cases reveals none in which this exact situation has been considered. It would seem, upon the principle that minute entries are taken as true and cannot be contradicted, it would be our duty to assume the judgment was prepared and postdated to the 11th, after which it was actually rendered and entered upon the 7th, which latter date would control. However, we are not compelled to pass judgment upon this peculiar situation because under John A. Chumbley v. Duck River Electric Membership Corp., 203 Tenn. 243, 310 S.W.(2d) 453, a certified copy of the record being on file in this court and the same containing a proper pauper's oath it is incumbent on us to treat the case as before us on writ of error. T.C.A. secs. 27-601, 27-306, 27-610.

The sole question in this appeal is the effect of an order of dismissal heretofore made by the Court of Appeals on an occasion when this same case was before us. The facts are these. E. R. Loyd sued Aubrey L. Sanders in the Court of General Sessions for damages growing out of an automobile accident. Then, Sanders sued Loyd in the same court for damages growing out of the same accident. Both cases were tried and dismissed. On the same day Loyd perfected an appeal to the Circuit Court but Sanders did not. Thereafter, on the assumption appeals had been perfected by both

parties, the Circuit Court tried the cases and dismissed Loyd's claim against Sanders but granted Sanders a judgment against Loyd in the amount of $256.66 costs. Upon it being made to appear to the Circuit Judge upon motion for a new trial that Sanders had not appealed, the Judge first set his judgments aside and granted new trials in both cases but later set aside this order and reinstated the judgments originally entered. Loyd appealed both cases to this Court which affirmed the judgment dismissing the case of Loyd v. Sanders and reversed the judgment in Sanders v. Loyd, and dismissed that case taxing Sanders with the costs. The relevant statement in our opinion is: "The judgment of the Circuit Court dismissing the case of Loyd v. Sanders is affirmed and the costs in that case are adjudged against appellant Loyd; and the judgment in the Circuit Court in Sanders v. Loyd is reversed and the case dismissed and the costs in this case are adjudged against appellee Sanders." Upon this opinion an order was entered here providing, "It is therefore ordered and adjudged by the Court that the judgments of the court below be reversed and that the suits be dismissed; and that E. R. Loyd pay one-half the costs of this cause and the remaining half will be paid by Aubrey L. Sanders, for all of which let execution issue. THIS IS THE FINAL JUDGMENT. 12-5-58."

On December 16, 1958, Sanders petitioned the Circuit Court for the writ of certiorari to remove the case from the General Sessions Court to that court for trial. Loyd moved to dismiss the petition upon a number of grounds, one of which was that the judgment of the Court of Appeals and its opinion were res adjudicata of the case. In a written opinion the Circuit Judge said, "although the opinion of the Court of Appeals recites that plain-

tiff's case is dismissed, the context of the opinion makes it very clear that the case had not been reviewed by that Court for a consideration on its merits. The obvious effect of the holding of the Court of Appeals is that plaintiff's case remained in the Court of General Sessions.''

██ As stated, the question before us is whether this Court's order had the effect of ending this particular case or whether it left the case in the Court of General Sessions for further review by the Circuit Court. While we are loathe to take any action which deprives a litigant of a trial on the merits, we are compelled to give effect to judgments according to the plain import. The opinion of the Court of Appeals in this case required the entry of an order dismissing the case. This order was entered. The order even went so far as to recite that it was a final judgment in the case. Whether rightly or wrongly, the conclusive effect of this judgment was to put the case out of court so no further orders or proceedings could be had therein. Defendant in error could have, and should have, petitioned to qualify the judgment so it would not have this effect. He did not do this. The general rule is that the parties and the entire cause are out of court until the judgment of dismissal is vacated and the cause reinstated. Dulion v. S. A. Lynch Enterprise Finance Corporation, C.C.A.Ga., 53 F.(2d) 568, 570, 82 A.L.R. 509; State ex rel. Crocker v. Chillingworth, 106 Fla. 323, 143 So. 346; Whitaker v. Wright, 100 Fla. 282, 129 So. 889; Jones v. Britt, 75 Ga.App. 142, 42 S.E.(2d) 648; Lawrenceville Tp. High School Dist. No. 71 v. St. Francisville Community High School Dist. No. 102, 332 Ill.App. 437, 75 N.E.(2d) 407; In re Braje's Estate, 294 Ill.App. 377, 13 N.E.(2d) 821; Ellison v. Ward, 294 Ill. App. 197, 13 N.E.(2d) 649, 651; State ex rel. Hurd v.

Davis, 227 Ind. 93, 84 N.E.(2d) 181; Farnum v. Brady, 269 Mass. 53, 168 N.E. 165; Hailey v. Wolf, 320 Mich. 59, 30 N.W.(2d) 437; Miller v. Davis, 241 Mich. 544, 217 N.W. 904; Strawn v. Sarpy County, 156 Neb. 797, 58 N.W.(2d) 168, 171; Schroeder v. Bartlett, 129 Neb. 645, 262 N.W. 447, 449; Chavez v. Ade, 38 N.M. 389, 34 P.(2d) 670, 671; Klepper v. Canadian Pac. Ry. Co., 193 Misc. 808, 85 N.Y.S.(2d) 258; State v. C. S. Jackson & Co., 145 La. 250, 82 So. 213.

■ It is also the rule that after a suit has been dismissed there can be no further proceedings therein until the order of dismissal is vacated. Lord v. Superior Court of Los Angeles County, 27 Cal.(2d) 855, 168 P.(2d) 14, 15; Douglas v. Superior Court in and for Los Angeles County, 94 Cal. App.(2d) 395, 210 P.(2d) 853; Finch v. Ekstrom, 115 Cal.App. 381, 1 P.(2d) 516; Cruse v. Superior Court in and for Los Angeles County, 102 Cal. App. 290, 283 P. 73; St. Clair v. Brix, 89 Cal.App. 94, 264 P. 307; St. Paul Fire & Marine Ins. Co. v. McCoy, 38 Ga.App. 660, 145 S.E. 100; Ellison v. Ward, 294 Ill. App. 197, 13 N.E.(2d) 649, 651; Miller v. Ferrocarrill Del Pacifico De Nicaragua, 137 Me. 251, 18 A.(2d) 688; Northrup v. Jay, 262 Mich. 463, 247 N.W. 717, 718; Love v. Anderson, 240 Minn. 312, 61 N.W.(2d) 419, 421; Strawn v. Sarpy County, 156 Neb. 797, 58 N.W.(2d) 168, 171; Schroeder v. Bartlett, 129 Neb. 645, 262 N.W. 447, 449; Chavez v. Ade, 38 N.M. 389, 34 P.(2d) 670, 671; Klein v. Vernon Lumber Corp., 269 App. Div. 71, 54 N.Y.S.(2d) 248; J. G. Smith Grain Co. v. Payne, Tex.Civ.App., 290 S.W. 841.

■ There is yet another reason why the Circuit Court lacked power to proceed in this case and that is, no mandate or order of remand ever issued from this Court

to reinvest jurisdiction of the case in either the Circuit Court or the Court of General Sessions. It is the rule that a mandate or an order of remand is necessary to reinvest the lower court with jurisdiction to proceed with the case. Casner v. San Diego Trust & Savings Bank, 34 Cal.App.(2d) 524, 94 P.(2d) 65, 74; Watkins v. Dunbar, 318 Ill. 174, 149 N.E. 14; Morris v. Radley, 306 Mich. 689, 11 N.W.(2d) 291; Edmonds v. Delta Democrat Pub. Co., 221 Miss. 785, 75 So.(2d) 73; State ex rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S.W.(2d) 113; In re Taylor's Estate, Mo.App., 5 S.W.(2d) 457; State ex rel. United States Fidelity & Guaranty Co. v. District Court of Fourth Judicial Dist. in and for Missoula County, 77 Mont. 214, 250 P. 609; Kanzler v. Smith, 125 N.J.Eq. 466, 6 A.(2d) 200; Robinson v. Jackson, 14 N.J.Misc. 866, 187 A. 918; Atlantic Coast Line R. Co. v. Town of Sanford, 188 N.C. 218, 124 S.E. 308; Winn v. McCoy, 70 Ohio App. 4, 38 N.E.(2d) 612; C. E. McCune Co. v. Warndorf, 55 Ohio App. 279, 9 N.E.(2d) 709; Parker v. Bailey, Tex. Civ.App., 286 S.W.(2d) 651; Montague County v. White, Tex.Civ.App., 260 S.W. 907; State v. Johnson, 100 Utah 316, 114 P.(2d) 1034; Turner v. Bragg, 114 Vt. 334, 44 A. (2d) 548; State ex rel. Fawcett v. Board of County Com'rs of Albany County, 73 Wyo. 69, 273 P.(2d) 188, 195.

█ Unless everything must be sacrificed on the altar of ''merits'', which cannot be if the practice of law is not to dissolve gradually into formlessness, we must hold as we do.

The result of what we have said is that plaintiff in error's assignments going to the action of the Circuit Judge in overruling his motion to dismiss on account of

the previous opinion and judgment of this Court are sustained and the judgment of the Circuit Court is reversed and the case is again dismissed at the cost of the defendant in error.

Hickerson and Shriver, JJ., concur.